Irma IBARRA, Appellant,

v.

**HOUSING AUTHORITY OF the CITY OF CORPUS CHRISTI, Appellee.**

**No. 13–89–483–CV.**

Court of Appeals of Texas,
Corpus Christi.

May 17, 1990.

Rehearing Overruled June 7, 1990.

Deborah A. Peterson, Coastal Bend Legal Services, Corpus Christi, for appellant.

Melody H. Cooper, Sorrell, Anderson, Lehrman, Wanner & Thomas, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

OPINION

NYE, Chief Justice.

Landlord/appellee, Housing Authority of the City of Corpus Christi, filed suit against tenant/appellant, Irma Ybarra, alleging forcible entry and detainer. The justice court entered judgment favorable to Housing Authority, and Appellant appealed to the county court at law. The county court found that appellant failed to comply with Tex.R.Civ.P. 749b and issued a "WRIT OF RESTITUTION" awarding Housing Authority possession of the premises in question and $15.00 in rent which appellant had paid into the court's registry. By two

points of error, appellant complains that the trial court erred by issuing the "WRIT OF RESTITUTION."

The record reflects that Housing Authority filed a complaint in justice court against the appellant. The complaint alleged that Housing Authority and appellant entered into a lease agreement; that Housing Authority had terminated the lease and demanded possession of the leased premises; and that appellant had held over, damaging Housing Authority in the amount of $30.00. The complaint requested that appellant be found guilty of forcible detainer; that restitution of the premises be made, and that appellant pay damages to Housing Authority. On May 17, 1989, appellant received notice that a hearing on the complaint would be held in justice court on May 24, 1989. Upon completion of the hearing, the justice court found appellant guilty of forcible detainer and ordered Housing Authority to have restitution of the premises and recover $30.00 plus costs.

Appellant, *pro se*, gave notice of appeal to the county court and filed a pauper's affidavit pursuant to Tex.R.Civ.P. 749b. Rule 749b(2) provides that "[d]uring the appeal process as rent becomes due under the rental agreement, the tenant/appellant shall pay the rent into the county court registry within five days of the due date under the terms of the rental agreement." Appellant did not pay her July and August 1989 rent payments into court until August 25, 1989, which was beyond the grace period allowed for paying monthly rents under the statute.

The Housing Authority filed a "NOTICE OF DEFAULT" in county court alleging that appellant failed to pay her July rent payment into the county court registry within five days of the due date as required by rule 749b(2). Appellant was not notified of the filing of the default notice. Without holding a hearing on the matter, the county court issued a "WRIT OF RESTITUTION" awarding Housing Authority possession of the premises in question and $15.00 which appellant had previously paid into the court's registry as rent.

In her two points of error, appellant complains that the county court violated Tex.R.Civ.P. 749b(3) and (4) by not affording her a hearing prior to issuing the "WRIT OF RESTITUTION." Appellant argues that the trial court's failure to provide her with notice and a hearing prior to considering the "WRIT OF RESTITUTION" violated her constitutional right to due process. Rule 749b states, in pertinent part:

In a nonpayment of rent forcible detainer case a tenant/appellant who has appealed by filing a pauper's affidavit under these rules shall be entitled to stay in possession of the premises during the pendency of the appeal, by complying with the following procedure:

\*    \*    \*    \*    \*    \*

(3) If the tenant/appellant fails to pay the rent into the court registry within the time limits prescribed by these rules, the appellee may file a notice of default in county court. Upon sworn motion by the appellee and a showing of default to the judge, the court shall issue a writ of restitution.

(4) Landlord/appellee may withdraw any or all rent in the county court registry upon a) sworn motion and hearing, prior to final determination of the case, showing just cause, b) dismissal of the appeal, or c) order of the court upon final hearing.

The Due Process Clause of the Fourteenth Amendment safeguards against the deprivation of life, liberty or property without due process of law. *Parratt v. Taylor*, 451 U.S. 527, 537, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981); *Soliz v. Saenz*, 779 S.W.2d 929, 934 (Tex.App.—Corpus Christi 1989, writ denied). The fundamental requirement of the Due Process Clause is the opportunity to be heard and this opportunity is one which must be granted at a meaningful time and in a meaningful manner. *Parratt*, 451 U.S. at 540, 101 S.Ct. at 1915; *Soliz*, 779 S.W.2d at 934–35. A vital principle of due process is that a deprivation of life, liberty or property be preceded by *notice* and opportunity for hearing appropriate to the nature of the case. (Emphasis

added). *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985).

In the instant case, Housing Authority served appellant with a complaint containing notice of the charges pending against her sufficiently in advance of the justice court hearing to enable her to prepare her defense. At the hearing, appellant had the opportunity to present evidence and to cross-examine. The justice court found appellant guilty of forcible detainer and awarded possession of the premises to Housing Authority. On appeal, the county court, without a hearing, found appellant in default and awarded the Housing Authority a writ of restitution and the sum of $15.00.

We are cognizant that rule 749b(3) does not provide for a hearing prior to a county court issuing a writ of restitution. The Due Process Clause requires only a single hearing before an impartial decision maker on the question of restitution. *Wells v. Dallas Independent School District,* 576 F.Supp. 497, 506 (N.D.Tex.1983); *see White v. South Park Independent School District,* 693 F.2d 1163, 1167 (5th Cir.1982). Appellant had such a hearing in justice court concerning possession of the premises. Therefore, the county court did not deprive appellant of her constitutional right to due process.

■ The judgment of the county court not only awarded the Housing Authority a "WRIT OF RESTITUTION", but also $15.00 in rent which had been deposited in the county court registry. Rule 749b(4) provides that "[l]andlord/appellee may withdraw any or all rent in the county court registry upon a) sworn motion and *hearing,* prior to final determination of the case, showing just cause, b) dismissal of the appeal, or c) order of the court upon final hearing." (Emphasis added). Thus, before Housing Authority could withdraw the $15.00 in rent from the court's registry, a hearing was required to be held in county court unless the appeal was dismissed.

We hold that the county court erred by failing to hold a hearing before awarding Housing Authority the money in question.

We AFFIRM that part of the judgment awarding possession of the premises to Housing Authority. We REVERSE and REMAND that part of the judgment awarding $15.00 in rent to appellee for a hearing in accordance with this opinion.