**Glenda KENNEDY, Appellant,**

v.

**HIGHLAND HILLS APARTMENTS, Appellee.**

No. 05–94–00688–CV.

Court of Appeals of Texas, Dallas.

June 29, 1995.

Publication Ordered July 17, 1995.

Robert W. Doggett, Legal Services of North Texas, Dallas, for appellant.

Greg T. Meyer, Dilts & Law, P.C., Dallas, Ronald D. Law, Dilts & Law, P.C., Dallas, for appellee.

Before LAGARDE, MALONEY, and JAMES, JJ.

**OPINION**

LAGARDE, Justice.

In this forcible detainer case, we consider whether a tenant's failure to strictly comply with the requirements of rule of civil procedure 749b(2) entitles the landlord to a final judgment awarding it possession of the premises in the absence of a trial on the merits in county court. *See* TEX.R.CIV.P. 749b.[1] We conclude that the landlord is not so entitled.

---

1. Rule 749b provides:

Pauper's Affidavit in Nonpayment of Rent Appeals

In a nonpayment of rent forcible detainer case, a tenant/appellant who has appealed by filing a pauper's affidavit under these rules shall be entitled to stay in possession of the premises during the pendency of the appeal, by complying with the following procedure:

(1) Within five days of the date that the tenant/appellant files his pauper's affidavit, he must pay into the justice court registry one rental period's rent under the terms of the rental agreement.

(2) During the appeal process as rent becomes due under the rental agreement, the tenant/appellant shall pay the rent into the county court registry within five days of the due date under the terms of the rental agreement.

(3) If the tenant/appellant fails to pay the rent into the court registry within the time

Glenda Kennedy appeals from a judgment awarding exclusive possession of the premises at issue to Highland Hills Apartments. In the first of her ten points of error, appellant contends that the county court erred by granting a default judgment in favor of appellee because rule 749b of the Texas Rules of Civil Procedure does not authorize default judgments. We conclude that the trial court improperly applied rule 749b, reverse the county court's judgment, and remand the cause for further proceedings.

## FACTS

Appellant leased an apartment from appellee. Because she receives federal assistance, appellant pays only thirty-one dollars per month in rent. Seeking possession of the apartment, appellee brought a forcible detainer suit against appellant in the justice court for nonpayment of rent. The justice court found in favor of appellee, granting it possession of the apartment. Appellant timely filed a pauper's affidavit to perfect her appeal to county court. The parties stipulated that appellant's initial rent deposit into the registry of the justice court pursuant to rule 749b(1) was timely.

Initially, the county court entered a default judgment in favor of appellee because appellant failed to appear. Thereafter, on April 11, 1994, appellant's motion for new trial was granted and the case was reset. Also on April 11, appellant deposited a $31 check for her April rent which, by the terms of her lease, was due on April 1. On the morning of the trial, April 18, 1994, appellee filed its notice of default alleging that because rule 749b(2) required the rent deposit within five days of the due date, appellant was in violation of rule 749b. The court then determined that appellant had not complied with the terms of rule 749b.

The county court entered a "Default Judgment." Based on its finding that appellant failed to comply with rule 749b, the court awarded exclusive possession of the apartment to appellee and ordered the court clerk to issue a *writ of possession.*

## EXTENT OF COUNTY COURT'S AUTHORITY UNDER RULE 749b

In her first point of error, appellant contends that the county court erred by granting appellee a default judgment because rule 749b does not authorize default judgments. She asserts that the funds required by rule 749b are supersedeas in nature, relating only to the issue of possession of the premises during the pendency of the appeal. She argues that a default under rule 749b results only in an award to the landlord of *possession* of the premises during the pendency of the appeal by trial de novo in the county court. Appellee asserts that rule 749b permits the county court to enter a default judgment if the tenant/appellant fails to make a required rent payment into the registry of the county court.

### A. Forcible Detainer

■ In Texas, the procedure to determine the right of possession of real property, if there was no unlawful entry, is the action of forcible detainer. TEX.PROP.CODE ANN. § 24.002 (Vernon Supp.1995); TEX.R.CIV.P. 746. Such an action is a special proceeding governed by the particular applicable statutes and rules. *Haginas v. Malbis Memorial Found.*, 163 Tex. 274, 277, 354 S.W.2d 368, 371 (1962). It is intended to be a summary, speedy, and inexpensive remedy. *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984). Such actions are properly brought in justice court. TEX.PROP.CODE ANN. § 24.004 (Vernon Supp.1995). If the justice court finds in favor of the landlord, the landlord is entitled to a judgment for possession and a *writ of possession.* TEX.PROP.CODE ANN.

limits prescribed by these rules, the appellee may file a notice of default in county court. Upon sworn motion by the appellee and a showing of default to the judge, the court shall issue a writ of restitution.

(4) Landlord/appellee may withdraw any or all rent in the county court registry upon a) sworn motion and hearing, prior to final determination of the case, showing just cause, b) dismissal of the appeal, or c) order of the court upon final hearing.

(5) All hearings and motions under this rule shall be entitled to precedence in the county court.

TEX.R.CIV.P. 749b.

§ 24.0061(a) (Vernon Supp.1995); Tex. R.Civ.P. 748.

Either party may appeal the justice court's judgment to the county court by filing an appeal bond or a pauper's affidavit. Tex. R.Civ.P. 749, 749a. In a nonpayment of rent forcible detainer case, a tenant who has appealed by filing a pauper's affidavit pursuant to rule 749a is entitled to remain in possession of the premises *during the pendency of the appeal* to the county court if the tenant follows the procedures set out in rule 749b. Tex.R.Civ.P. 749b. First, the tenant must pay into the justice court registry one rental period's rent within five days of filing the pauper's affidavit. Second, during the appeal process, as the rent becomes due under the rental agreement, the tenant must pay the rent into the county court registry within five days of the date rent is due under the terms of the rental agreement. If the tenant fails to timely pay the rent into the county court registry, the landlord may file a notice of default in the county court. If the landlord shows the tenant defaulted under the rule, the court shall issue a *writ of restitution.* Tex.R.Civ.P. 749b(1), (2), (3).

### B. Default Judgment

The main issue in this case is whether rule 749b(3) authorizes the county court to enter a default judgment *on the merits* against the tenant/appellant in a nonpayment of rent forcible detainer case when the tenant/appellant fails to make a timely rent payment into the county court registry as required by rule 749b(3).

The purpose of rule 749b is to permit an indigent appellant "to stay in possession of the premises during the pendency of the appeal." Rule 749b(3) provides:

If the tenant/appellant fails to pay the rent into the court registry within the time limits prescribed by these rules, the appel-

lee may file *a notice of default* in county court. Upon sworn motion by the appellee and *a showing of default* to the judge, the court shall issue a *writ of restitution.*

Tex.R.Civ.P. 749b(3) (emphasis added). This portion of the rule sets out the result of an appellant's failure to meet the requirements of rule 749b. If the appellant defaults in his timely payment of rent into the registry of the court, he is no longer "entitled to stay in possession of the premises during the appeal." Upon the appellee filing notice and showing the appellant's default in his timely payment of rent into the registry of the court, the county court returns possession of the premises to the appellee by issuing a *writ of restitution.*[2]

Rule 749b(3) does not expressly authorize the county court to enter a judgment by default. The rules of civil procedure expressly state when a court is authorized to enter a default judgment. *See* Tex.R.Civ.P. 239, 538, 753, 799. Because rule 749b(3) does not expressly authorize the county court to enter a default judgment, the county court erred in relying on that rule in entering a default judgment on the merits against appellant in this case.

To support its argument that rule 749b(3) permits a county court to enter a default judgment when the appellant fails to timely pay the rent into the registry of the county court, appellee relies on *Ibarra v. Housing Authority,* 791 S.W.2d 224 (Tex.App.—Corpus Christi 1990, writ denied). In *Ibarra,* the landlord terminated the lease, and the tenant held over. The landlord brought an action for forcible detainer. The justice court found in favor of the landlord, and the tenant appealed. The tenant filed a pauper's affidavit and attempted to comply with rule 749b. When the tenant/appellant was late in paying the rent into the registry of the county court, the landlord filed a notice of default.

---

2. Prior to January 1, 1988, rule 748 referred to "writ of restitution" instead of "writ of possession." *See* Tex.R.Civ.P. 748, 599–600 S.W.2d (Texas Cases) LXXXVII. After January 1, 1988, only rule 749b(3) refers to a writ of restitution. Whether the supreme court intentionally left the term "writ of restitution" in rule 749b or intended, but failed, to change writ of restitution to writ of possession as in rule 748 is indetermina-

ble. However, to the extent that the supreme court intended for there to be a distinction between the writ that issues at final judgment, the writ of possession, and the writ that issues when the tenant/appellant fails to comply with rule 749b, the writ of restitution, rule 749b did not authorize the trial court to issue a judgment on the merits or a writ of possession in this case.

Without notice to the tenant of the filing of the default notice and without a hearing, "the county court issued a 'writ of restitution' awarding Housing Authority possession of the premises in question and $15.00 which appellant had previously paid into the court's registry as rent." *See Ibarra*, 791 S.W.2d at 225. On appeal, the appellant argued that the county court violated rule 749b(3) and violated her constitutional right to due process by issuing the writ of restitution without notice and a hearing. The court of appeals held that the writ of restitution awarding possession was not violative of due process, but it reversed that part of the judgment awarding rent and remanded for a hearing on that issue. *Ibarra*, 791 S.W.2d at 226.

The main issue in *Ibarra* was constitutional due process, not the validity of a default judgment granted because the tenant/appellant failed to follow rule 749b(2) as in this case. *See Ibarra*, 791 S.W.2d at 226. Furthermore, the opinion in *Ibarra* does not make clear why rule 749b was applicable. The rule clearly limits its application to "a nonpayment of rent forcible detainer case." TEX.R.CIV.P. 749b. The appellant in *Ibarra* was a holdover tenant. *Ibarra*, 791 S.W.2d at 225. Therefore, to the extent that rule 749b is inapplicable, we disagree with the *Ibarra* opinion's application of rule 749b.

Assuming, however, that the lease in *Ibarra* was terminated due to nonpayment of rent and that rule 749b is applicable, it appears that the appellate court considered rule 749b(3) to be determinative of the *merits of the issue of the right to possession* of the premises and to entitle the plaintiff to judgment when the rule is breached.

We disagree with the Corpus Christi Court's application of rule 749b. The rule clearly states that its purpose is to entitle a tenant/appellant to remain in possession of the premises *during the pendency of the appeal* to the county court. Nothing in the rule purports to determine the issue of whether the appellant/tenant was in wrongful possession of the premises when the appellee filed the forcible detainer action in the justice court. As noted above, nothing in rule 749b authorizes the county court to enter judgment on the merits for the appellee when the tenant/appellant does not follow rule 749b. *Compare* TEX.R.CIV.P. 749b(3) *with* TEX. R.CIV.P. 748, 753.

Rule 753 states when a trial court can properly enter a default judgment against a defendant in a forcible detainer action: "[when] the defendant made no answer in writing in the justice court and . . . he fails to file a written answer within eight full days after the transcript is filed in the county court." TEX.R.CIV.P. 753. In this case, appellant filed a written answer in the justice court. Accordingly, the trial court could not properly enter a default judgment against appellant.

We hold that the county court erred in entering a default judgment on the merits for appellee in this case. We sustain appellant's first point of error.

Appellant's remaining nine points of error also concern whether the county court erred in granting a default judgment on the merits and in overruling appellant's motion for new trial. Because we have held that the county court erred in granting a default judgment on the merits, we do not reach these remaining points of error. *See* TEX.R.APP.P. 90(a). We reverse the trial court's judgment and remand the cause to the county court for further proceedings.