NO. 07-99-0384-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO


 

PANEL A



MAY 16, 2002



______________________________




RAY L. NORRIS, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99-430031; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Ray Norris, Jr., appeals from his conviction for robbery. He asserts that
the evidence was insufficient to support his conviction. We affirm. 

 Appellant was indicted by a Lubbock County grand jury for robbery, aggravated
robbery and burglary of a habitation. The indictment was based on a complaint by
Christopher Davis. According to Davis's trial testimony, appellant, Brian Vinson, Jonathan
Givens, and two other men kicked in the door and entered Davis's mobile home at
approximately 12:30 a.m. on January 25, 1999. Appellant immediately grabbed Davis by
the throat and held a gun to his forehead. Appellant, Vinson, and Givens demanded
money from Davis, forced Davis into his bedroom, ordered him to remove his clothing, then
took the clothing as well as money, compact discs (CDs), a VCR, a pager, a watch, a gold
chain, and a video game unit and left. Davis immediately called 911, notified authorities
of the incident, and gave a description of the car in which the men drove off. A short time
later appellant was apprehended in a car fitting the description given by Davis. Some of
the items taken from Davis were still in the car. 

 After appellant's arrest, Lubbock Police Detective Doug Sutton interviewed
appellant at the police department and obtained a written statement from him. The
statement was introduced into evidence at trial. According to the written statement, Vinson
and Givens told appellant they were robbed by two men on the evening of January 24,
1999. Appellant asked if they knew who robbed them, and Vinson and Givens indicated
they knew where the robbers lived. According to appellant's statement, he accompanied
Vinson and Givens when they went to Davis's house to retrieve their property. In his
statement, appellant admitted pointing what he claimed was a water gun at Davis while the
others removed property from Davis's home, including the video game console and CDs. 
Appellant claimed in his statement that he believed the property taken from Davis's
residence belonged to Vinson and Givens, and he denied having the intent to commit
robbery.

 The State went to trial on the indictment for aggravated robbery. See Tex. Pen.
Code Ann. §§ 29.02, 29.03. (Vernon 1994). (1) The jury was instructed on the offenses of
aggravated robbery, robbery, aggravated assault, and assault by threat. The jury was also
instructed to find appellant not guilty if they believed that appellant reasonably believed
that Vinson and/or Givens were unlawfully dispossessed of property by Davis, that
appellant reasonably believed force was immediately necessary to recover the property,
and that appellant used force immediately or in fresh pursuit of Davis after Davis had taken
the property. 

 The jury found appellant guilty of the lesser-included offense of robbery. 
Punishment was assessed by the court at 10 years confinement in the Texas Department
of Justice, Institutional Division. 

 Appellant urges on appeal that the evidence was insufficient to prove that he had
intent to commit theft. He does not specify whether his challenge is a legal or a factual
sufficiency challenge, but his brief addresses both legal and factual sufficiency authorities
and we will consider the issue as challenging both the legal and factual sufficiency of the
evidence. 

 The State first argues that appellant is estopped from challenging the sufficiency
of the evidence because he did not object to the jury charge instruction on the lesser-included offense of robbery. Next, the State argues that the evidence was sufficient to
support the jury's verdict. Because we conclude that both legally and factually sufficient
evidence supports the jury's verdict, as we detail hereafter, we will not address the State's
estoppel argument. See Tex. R. App. P. 47.1. (2) 

 When reviewing challenges to both legal and factual sufficiency of the evidence to
support the verdict, we first review the legal sufficiency challenge. See Clewis v. State,
922 S.W.2d 126, 133 (Tex.Crim.App. 1996). We consider all the record evidence,
including direct and circumstantial, both admissible and inadmissible, in the light most
favorable to the jury's verdict. We then determine if a rational jury could have found all the
essential elements of the offense beyond a reasonable doubt based upon such record
evidence. See Jackson v. Virginia, 443 U.S. 307, 319-20, 99 S.Ct. 2781, 2789, 61 L.Ed.2d
560 (1979); Johnson v. State, 967 S.W.2d 410, 411 (Tex.Crim.App. 1998). All the
evidence is reviewed, but evidence that does not support the verdict is disregarded. See,
e.g., Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). 

 If the evidence is legally sufficient to support the verdict, we then review the factual
sufficiency challenge if one is properly raised. See Clewis, 922 S.W.2d at 133. Factual
sufficiency review is accomplished without viewing the evidence through the prism of "in
the light most favorable to the prosecution." Id. The evidence is not factually sufficient to
support a conviction if the appellate court determines, after viewing all the evidence, both
for and against the finding in a neutral light, that either (1) the proof of guilt is so obviously
weak as to undermine confidence in the jury's determination, or (2) the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. See Johnson
v. State, 23 S.W.3d 1, 6-7 (Tex.Crim.App. 2000). Unless the record clearly reveals that
a different result is appropriate, an appellate court must defer to the factfinder's
determination concerning what weight to give contradictory testimonial evidence because
resolution often turns on an evaluation of credibility and demeanor, which is primarily a
determination to be made by observation of the witnesses giving the testimony. Id. at 8. 

 As applicable to the present case, the elements of robbery are: (1) a person (2) in
the course of committing a theft (3) with the intent to obtain or maintain control of the
property involved (4) intentionally or knowingly places another in fear of imminent bodily
injury or death. Penal Code § 29.02. The term "theft," as it is applicable to appellant's
case, refers to the offense defined in Penal Code § 31.03. The elements of theft are: (1)
a person (2) unlawfully appropriates property (3) with intent to deprive the owner of the
property. Penal Code § 31.03. The Penal Code defines an "owner" of property as a
person who has title to the property, possession of the property, whether lawful or not, or
a greater right to possession of the property than the actor. Penal Code § 1.07(35)(A). 
Intent to commit theft may be inferred from the surrounding circumstances, and is a fact
question for the jury to decide. See Lewis v. State, 715 S.W.2d 655, 657 (Tex.Crim.App.
1986). 

 In considering appellant's legal sufficiency challenge, we need only note Davis's
testimony. Davis testified that appellant was the man who kicked in his door, grabbed him
by the throat, demanded money and took it, and also took clothes, jewelry and other
property. Then appellant and the four others left the mobile home and drove off. 
Disregarding any contrary evidence, as we must, we conclude that a rational jury could
have inferred that appellant intended to obtain and maintain control of and deprive Davis
of property, and that the proof is legally sufficient to support the verdict. See Chambers,
805 S.W.2d at 461. 

 Appellant's factual sufficiency challenge is based on his assertion that the State did
not prove his subjective intent, while his written statement clearly proved that he did not
have intent to commit theft. He argues that his statement is direct evidence of his
subjective belief that he was helping friends retrieve property which had been stolen from
them earlier. 

 In considering factual sufficiency, we defer to the jury's determination in matters of
credibility and weight of any conflicting evidence and inferences. See Johnson, 23 S.W.3d
at 8. It was within the jury's discretion to determine the relative weight to accord
appellant's statement as well as the other testimony and evidence. The jury was entitled
to discount the weight of or to disregard all or any part of the statement. Id. Apparently
it did so. And, when considering the entire record, we conclude that the proof of
appellant's guilt is neither so obviously weak as to undermine confidence in the jury's
determination, nor such that it is greatly outweighed by contrary proof. Thus, the proof is
factually sufficient to support the verdict. 

 Having found the proof both legally and factually sufficient to support appellant's
conviction, we overrule his sole issue. As noted previously, we do not address the State's
assertion that appellant is estopped to challenge the evidentiary sufficiency of his
conviction for robbery. The judgment is affirmed.


 Phil Johnson

 Justice



Do not publish. 

 

 

 

 

 

 
1. Further reference to provisions of the Penal Code shall be by referring to "Penal
Code §___."
2. Further reference to a rule of appellate procedure will be by reference to "TRAP
_."



ises by a
specified date or face a forcible detainer suit. 
          When Berry’s did not vacate the leasehold, Edom Corner commenced a forcible
detainer suit in a justice court of Van Zandt County. By its original petition entitled
“Plaintiff’s Original Petition for Forcible Detainer,” Edom Corner sought possession of the
property, a writ of possession, and attorney’s fees. 
          Before Berry’s answered the suit, Edom Corner filed a “Motion to Transfer” in the
justice court requesting transfer of the case to the 294th judicial district court of Van Zandt
County. In its motion, Edom Corner asserted a suit was already pending in district court
concerning a dispute among other entities owned by Malone and Mr. and Mrs. Berry. The
justice court responded with an order transferring the case to district court “because the
matter concerns issues within its jurisdiction.” Thereafter, Berry’s answered and filed a
counterclaim for declaratory relief and attorney’s fees.


 
          About three weeks later, Edom Corner filed a supplemental petition requesting the
district court to issue “without notice” a temporary restraining order enjoining Berry’s from
locking a passageway in the building, leaving the door of Mary Ellen’s open while the air
conditioning operated, and interfering in efforts to change building locks. The
supplemental petition requested a temporary injunction and on trial a permanent injunction
because “when [Edom Corner] prevails in its suit for Forcible Detainer there is a period of
time between the Court’s judgment and the actual physical evacuation of the premises
. . . .” No temporary restraining order or temporary injunction issued.


 
          Following a bench trial, the district court signed a judgment awarding Edom Corner
possession of the leased premises, a writ of possession, costs and attorney’s fees. The
judgment also decreed that Berry’s take nothing by its counterclaims. 
          Berry’s timely filed a notice of appeal to the Twelfth District Court of Appeals at
Tyler. It also filed a motion with the trial court requesting a supersedeas bond exceeding
the aggregate of attorney’s fees awarded Edom Corner under the judgment, post-judgment
interest, and the monthly rental and utility charges payable according to the terms of the
lease. Edom Corner objected, arguing the case was a forcible detainer suit not involving
a party’s principal residence and execution of a writ of possession could not be
superseded. See Tex. R. Civ. P. 755. The trial court ordered a supersedeas bond in an
amount sufficient only to supersede enforcement of the monetary portion of its judgment. 
           Berry’s petitioned the Tyler Court for a writ of mandamus arguing the trial court did
not set the amount of bond necessary to supersede the writ of possession, contrary to the
requirements of Rule of Appellate Procedure 24.1. Tex. R. App. P. 24.1(a)(3); In re It's The
Berry's, LLC, No. 12-06-00298-CV, 2006 WL 3020353, 2006 Tex. App. Lexis 9146,*9-11
(Tex.App.–Tyler Oct. 25, 2006, orig. proceeding) (not designated for publication). Edom
Corner again took the position the writ could not be superseded under Rule of Civil
Procedure 755 because it was not a party’s principal residence. Berry’s countered that
Rule 755 was not applicable to the case because the appeal was not from a judgment of
the county court. 2006 WL 3020353, at *3, 2006 Tex. App. Lexis 9146, at *10. Edom
Corner responded that Government Code section 24.471 established a “special
relationship” between the county court and district court of Van Zandt County, authorizing
adjudication of its forcible detainer suit in district court. Therefore, Rule 755 applied,
disallowing suspension of the writ of possession. 2006 WL 3020353, at *4, 2006 Tex. App.
Lexis 9146, at *10-11. The Tyler Court disagreed, finding Rule 755 inapplicable because
Berry’s was appealing not from a judgment of the county court after a trial de novo on
appeal from the justice court, but a judgment of the district court, exercising its original
jurisdiction. 2006 WL 3020353, at *4, 2006 Tex. App. Lexis 9146, at *12. The court
concluded the trial court abused its discretion by not setting a bond for suspension of the
entire judgment, and conditionally granted the writ of mandamus. 2006 WL 3020353, at
*4, 2006 Tex. App. Lexis 9146, at *12-13. After the trial court complied with the
requirements of the conditional grant, the Tyler Court dismissed the original proceeding as
moot. In re It's The Berry's, LLC, No. 12-06-00298-CV, 2006 WL 3313659, 2006 Tex. App.
Lexis 9920 (Tex.App.–Tyler November 15, 2006, orig. proceeding) (not designated for
publication). By docket equalization order of the Supreme Court, the appeal of the case
was thereafter transferred to this court. See Tex. Gov’t Code Ann. § 73.001 (Vernon
2005).
 
Issues
          Berry’s raises twenty-two issues on appeal. We find issues one and eleven
dispositive of the appeal.
Discussion
          In its first issue Berry’s argues the district court lacked subject matter jurisdiction to
try Edom Corner’s forcible detainer action.
          Whether a trial court possessed subject matter jurisdiction is a question of law we
review de novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). The
existence of subject matter jurisdiction may be raised for the first time on appeal by the
parties or the court on its own motion. University of Tex. Sw. Med. Ctr. v. Loutzenhiser,
140 S.W.3d 351, 358 (Tex. 2004), superseded by statute on other grounds, Tex. Gov’t
Code Ann. § 311.034 (Vernon Supp. 2008). 
          An action for forcible detainer is the judicial procedure for determining the right to
immediate possession of real property. Kennedy v. Highland Hills Apartments, 905 S.W.2d
325, 326 (Tex.App.–Dallas 1995, no writ). It exists to provide a speedy, simple and
inexpensive means for settling the right to possession of premises. Id. 
A person who refuses to surrender possession of real property on demand
commits a forcible detainer if the person:

(1) is a tenant or a subtenant wilfully and without force holding over
after the termination of the tenant's right of possession;

(2) is a tenant at will or by sufferance, including an occupant at the
time of foreclosure of a lien superior to the tenant's lease; or

(3) is a tenant of a person who acquired possession by forcible entry.
 
Tex. Prop. Code Ann § 24.002(a)(1)-(3) (Vernon 2000). A prevailing landlord in a suit for
forcible detainer “is entitled to a judgment for possession of the premises and a writ of
possession.” Tex. Prop. Code Ann. § 24.0061(a) (Vernon 2000).
          A forcible detainer action depends on the existence of a landlord-tenant relationship. 
Haith v. Drake, 596 S.W.2d 194, 196 (Tex.Civ.App.–Houston [1st Dist.] 1980, writ ref’d
n.r.e.). Only proof of a superior right to immediate possession must be proved for the
plaintiff to prevail in a forcible detainer action. Goggins v. Leo, 849 S.W.2d 373, 377
(Tex.App.–Houston [14th Dist.] 1993, no writ). Accordingly, the sole matter in issue for
resolution in a forcible detainer action is which party has the superior right to immediate
access to the property. Fandey v. Lee, 880 S.W.2d 164, 168 (Tex.App.–El Paso 1994, writ
denied); Goggins, 849 S.W.2d at 377. 
          District courts in Texas are courts of general jurisdiction, presumably having subject
matter jurisdiction over a cause unless a contrary showing is made. Subaru of America,
Inc. v. David McDavid Nissan, Inc., 84 S.W.2d 212, 220 (Tex. 2002), citing Dubai
Petroleum Co. v. Kazi, 12 S.W.3d 71, 75 (Tex. 2000). Under our constitution and by
statute, the district court’s jurisdiction “consists of exclusive, appellate, and original
jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive,
appellate, or original jurisdiction may be conferred by [the constitution] or other law on
some other court, tribunal, or administrative body.” Tex. Const. art. V, § 8; Tex. Gov’t Code
Ann. § 24.007 (Vernon 2004).


 The legislature has committed jurisdiction of a forcible
detainer suit, however, exclusively to a justice court in the precinct where the property in
question is located. Tex. Prop. Code Ann. § 24.004 (Vernon 2000); Tex. Gov’t Code Ann.
§ 27.031(a)(2) (Vernon 2004) (justice court has original jurisdiction of cases of forcible
entry and detainer); McGlothlin v. Kliebert, 672 S.W.2d 231, 232 (Tex. 1984) (referring to
exclusive jurisdiction of justice court in forcible entry and detainer case); Haginas v. Malbis
Memorial Foundation, 163 Tex. 274, 354 S.W.2d 368, 371 (Tex. 1962) (forcible entry and
detainer action must be instituted in justice court); Rice v. Pinney, 51 S.W.3d 705, 712
(Tex.App.–Dallas 2001, no pet.) (jurisdiction “expressly” given to justice court); Mitchell v.
Armstrong Capital Corp., 911 S.W.2d 169, 171 (Tex.App.–Houston [1st Dist.] 1995, writ
denied) (jurisdiction of forcible detainer suit is in justice court and on appeal, county court);
McCloud v. Knapp, 507 S.W.2d 644, 647-648 (Tex.Civ.App.–Dallas 1974, no writ). 
          Where a claimed right of immediate possession necessarily requires resolution of
a title dispute, the justice court lacks subject matter jurisdiction. Rice, 51 S.W.3d at 709;
Tex. R. Civ. P. 746. Because a forcible detainer action is not exclusive of other remedies,
another possessory action, such as a suit for trespass to try title, may be brought in district
court. Scott v. Hewitt, 127 Tex. 31, 90 S.W.2d 816, 819 (Tex. 1936) (title may not be
adjudicated in forcible entry and detainer proceeding but remedy is cumulative of any other
remedy); Rice, 51 S.W.3d at 709; Tex. Prop. Code Ann. § 24.008 (suit for forcible detainer
does not bar a suit for “trespass, damages, waste, rent, or mesne profits.”). And the district
court may adjudicate a suit to try title concurrently with a forcible detainer action in justice
court. Haith, 596 S.W.2d at 196; Rice, 51 S.W.3d at 709.
          Here the parties and trial court looked to Government Code § 24.471(b) as the origin
of jurisdiction of the district court to try the forcible detainer suit. In pertinent part the
statute provides: 
The 294th District Court has concurrent jurisdiction with the county court in
Van Zandt County over all matters of civil and criminal jurisdiction, original
and appellate, in cases over which the county court has jurisdiction under the
constitution and laws of this state. Matters and proceedings in the
concurrent jurisdiction of the 294th District Court and the county court may
be filed in either court and all cases of concurrent jurisdiction may be
transferred between the 294th District Court and the county court. However,
a case may not be transferred from one court to another without the consent
of the judge of the court to which it is transferred, and a case may not be
transferred unless it is within the jurisdiction of the court to which it is
transferred.
 
Tex. Gov’t Code Ann. § 24.471(b) (Vernon 2004). We do not find this statute ambiguous. 
It does not authorize, nor could it authorize, consistent with Property Code § 24.004, trial
of a forcible detainer suit in the 294th district court.


 
          Edom Corner argues the Tyler Court’s conditional grant of mandamus resolved any
question of the district court’s subject matter jurisdiction and we are, therefore, precluded
by the “law of the case” doctrine from considering the question of subject matter
jurisdiction. We disagree.
The “law of the case” doctrine is defined as that principle under which
questions of law decided on appeal to a court of last resort will govern the
case throughout its subsequent stages. By narrowing the issues in
successive stages of the litigation, the law of the case doctrine is intended
to achieve uniformity of decision as well as judicial economy and efficiency. 
The doctrine is based on public policy and is aimed at putting an end to
litigation. 
 
Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986) (citations omitted). The doctrine
is not a limitation on the power of the court. Devilla v. Schriver, 245 F.3d 192, 197 (2d Cir.
2001). Rather, as Justice Holmes long ago noted, it “merely expresses the practice of the
courts generally to refuse to reopen what has been decided.” Messenger v. Anderson, 225
U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912). Application of the doctrine lies with
the discretion of the court. Briscoe v. Goodmark Corp., 102 S.W.3d 714, 716 (Tex. 2003). 
           The Fourteenth Court of Appeals rejected a contention like that made by Edom
Corner here in Gantt v. Gantt, 208 S.W.3d 27 (Tex.App.–Houston [14th Dist.] 2006, pet.
denied). There, a party contended the law of the case doctrine precluded the Fourteenth
Court from dismissing an appeal for lack of subject matter jurisdiction, based on a late
notice of appeal. Id. at 30 n.4 According to the party’s argument, the Corpus Christi Court
of Appeals, by issuing an opinion and judgment in a prior appeal in the case, must
necessarily have concluded it had jurisdiction, establishing the law of the case. Id. The
Fourteenth Court found the Corpus Christi Court had not expressly considered and decided
the late-notice-of-appeal question, and found that court’s sub silentio exercise of
jurisdiction was not law of the case. Id.
          Our circumstance is similar. While it might be said that implicit in the Tyler Court’s
opinion is recognition that the trial court exercised subject matter jurisdiction by
adjudicating the case, this was clearly not the narrow question presented or decided in the
mandamus proceeding. Indeed, the Tyler Court’s opinion states, “Edom [Corner] states
that it agreed to the transfer [from justice court] and does not contend that the transfer was
improper.” In re It’s the Berry’s, 2006 WL 3020353, at *3, 2006 Tex. App. Lexis 9146, at
*9. We decline to utilize the law of the case doctrine to avoid review of the district court’s
exercise of subject matter jurisdiction in the forcible detainer action.
          Edom Corner also argues that Berry’s is judicially estopped to now challenge the
subject matter jurisdiction of the trial court because in its petition for writ of mandamus it 
alleged the lawsuit was one over which a district court has original jurisdiction. Edom
Corner asserts that Berry’s thus took inconsistent positions in the mandamus action and
the instant appeal, and is estopped to do so. We disagree for two reasons. First, “[s]ubject
matter jurisdiction cannot be conferred by consent, waiver, or estoppel at any stage of a
proceeding.” Tourneau Houston, Inc. v. Harris County Appraisal Dist., 24 S.W.3d 907, 910
(Tex.App.–Houston [1st Dist.] 2000, no pet.) (citing Fed. Underwriters Exch. v. Pugh, 141
Tex. 539, 174 S.W.2d 598, 600 (Tex. 1943)). Second, and assuming Berry’s mandamus
and appellate positions were contradictory, the mandamus proceeding is part of the
present case and not a prior proceeding. See Pleasant Glade Assembly of God v.
Schubert, No. 05-0916, 51 Tex. S.Ct. J. 1086, 2008 WL 2572009, at *6, 2008 Tex. Lexis
620, at *17 (Tex. June 27, 2008). The doctrine of judicial estoppel has no application to
contradictory positions taken in the same proceeding. Id. (citing Galley v. Apollo
Associated Servs., Ltd., 177 S.W.3d 523, 529 (Tex.App.–Houston [1st Dist.] 2005, no
pet.)). 
          The relief Edom Corner sought in the trial court was exclusive to Chapter 24 of the
Property Code. Tex. Prop. Code Ann. Chapter 24 Forcible Entry and Detainer (Vernon
2000 & Supp. 2007). The district court was without subject matter jurisdiction to try Edom
Corner’s forcible detainer suit. We sustain Berry’s first issue.
          In its eleventh issue, Berry’s challenges the award of attorney’s fees for Edom
Corner and the denial of its request for attorney’s fees. Specifically, Berry’s asserts it
should have prevailed in the trial court and recovered attorney’s fees while Edom Corner
should not have prevailed and was not entitled to recover attorney’s fees. Because the
district court lacked subject matter jurisdiction to adjudicate the forcible detainer action, that
cause, including the award of statutory and contractual attorney’s fees and costs to Edom
Corner, must be set aside and dismissed. In the same way, the trial court had no
jurisdiction to award attorney’s fees to Berry’s for defense of a forcible detainer action. 
Berry’s does not contend the absence of an award of attorney’s fees under the Uniform
Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code § 37.009 (Vernon 1997), was
error. We sustain Berry’s eleventh issue as to the recovery of attorney’s fees by Edom
Corner. We overrule Berry’s eleventh issue as to its claim for attorney’s fees.
Conclusion
          When a trial court lacks subject matter jurisdiction to render a judgment, the proper
procedure on appeal is for the appellate court to set the judgment aside and dismiss the
cause. See Dallas County Appraisal Dist. v. Funds Recovery, 887 S.W.2d 465, 471
(Tex.App.–Dallas 1994) (citing Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823, 827
(1961)). Finding the trial court lacked subject matter jurisdiction, we sever the forcible
detainer case, vacate the judgment in the forcible detainer case, and dismiss the forcible
detainer case. Otherwise, we affirm the district court’s judgment.
 
                                                                           James T. Campbell

                                                                                      Justice