Opinion issued September 24, 2009 















In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00231-CV

__________


GREGORY SIMMONS, Appellant


V.


HOLLYVIEW APARTMENTS, Appellee






On Appeal from the County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 911067






MEMORANDUM OPINION

 Appellant, Gregory Simmons, challenges the county court's entry of judgment
in favor of appellee, Hollyview Apartments, in Hollyview's forcible entry and
detainer suit against Simmons. In two issues, Simmons contends that the county
court erred in granting Hollyview a writ of possession rather than a writ of restitution
at a hearing prior to the bench trial and that the county court's award of attorney's
fees to Hollyview was unreasonable. 

 We affirm. 

Factual and Procedural Background

 Simmons leased an apartment from Hollyview. In its petition, Hollyview
brought a forcible entry and detainer action against Simmons in justice court, alleging 
that in late 2007, Simmons failed to pay his monthly rent of $405, thereby defaulting
on the parties' lease agreement. See Tex. Prop. Code Ann. § 24.004 (Vernon 2000)
(providing that justice court in precinct in which real property is located has
jurisdiction in eviction suits, which include forcible entry and detainer suits). The
justice court entered a default judgment against Simmons, ordered that Hollyview
recover possession of the apartment, awarded Hollyview delinquent rent in the
amount of $990, and set a writ of possession to issue on December 27, 2007. See
Tex. R. Civ. P. 748 (stating that court shall give prevailing plaintiff "possession of
the premises, costs, and damages" and shall award "writ of possession"). The justice
court further stated in its judgment that if Simmons appealed the justice court's
judgment of eviction by filing a pauper's affidavit, Simmons was required to pay into
the registry of the court his monthly rent in the amount of $405 for each month that
his appeal was pending. See Tex. R. Civ. P. 749b (setting forth tenant's obligations
to pay rent into registry of court in order to stay in possession of premises during
pendency of appeal in "a nonpayment of rent forcible detainer case"). Simmons
appealed the justice court's judgment to the county court by filing a pauper's
affidavit, and Simmons deposited into the registry of the court one month's rental
payment. See Tex. R. Civ. P. 749 (providing that party may appeal judgment of
justice court in forcible entry and detainer suit to county court); Tex. R. Civ. P. 749a
(setting forth pauper's affidavit requirements and procedures); Tex. R. Civ. P. 749b.

 On February 28, 2008, the county court, upon Hollyview's sworn notice of
default, found that Simmons had failed to continue to pay rent under the terms of the
lease agreement into the court's registry as required by Texas Rule of Civil Procedure
749b and, thus, it further found that Hollyview was entitled to immediate possession
of the apartment. Tex. R. Civ. P. 749b. On March 11, 2008, the Harris County
Constable executed a writ of possession, removing Simmons and his belongings from
the apartment. On March 17, 2008, the county court conducted a bench trial, after
which it entered a final judgment and awarded possession of the apartment to
Hollyview, ordered that Hollyview was entitled to a writ of possession, awarded
Hollyview past due rents of $981.13, and awarded Hollyview attorney's fees in the
amount of $2,000.

Writ of Restitution

 In his first issue, Simmons argues that the county court erred in granting
Hollyview a writ of possession rather than a writ of restitution at a hearing prior to
the bench trial because, at the time, Hollyiew was entitled only to a writ of restitution.

 Texas Rule of Civil Procedure 749b provides, in relevant part,

In a nonpayment of rent forcible detainer case a tenant/appellant who has
appealed by filing a pauper's affidavit under these rules shall be entitled
to stay in possession of the premises during the pendency of the appeal,
by complying with the following procedure:


(1) Within five days of the date that the tenant/appellant
files his pauper's affidavit, he must pay into the
justice court registry one rental period's rent under
the terms of the rental agreement.


(2) During the appeal process as rent becomes due
under the rental agreement, the tenant/appellant shall
pay the rent into the county court registry within five
days of the due date under the terms of the rental
agreement.


(3) If the tenant/appellant fails to pay the rent into the
court registry within the time limits prescribed by
these rules, the appellee may file a notice of default
in county court. Upon sworn motion by the appellee
and a showing of default to the judge, the court shall
issue a writ of restitution.


 . . . .


Tex. R. Civ. P. 749b.

 Simmons does not directly challenge the county court's February 28, 2008
finding, which was based upon Hollyview's sworn notice, that he was in default of
his obligation to pay his monthly rentals into the registry of the court. Rather, 
Simmons complains that Hollyview was not "entitled to a final judgment awarding
it possession" at this point in the proceeding and prior to the bench trial. See
Kennedy v. Highland Hills Apartments, 905 S.W.2d 325, 327 (Tex. App.--Dallas
1995, no writ) (holding that rule 749b did not authorize county court to enter final
default judgment on merits). However, Simmons misunderstands the procedural
nature of the February 28, 2008 order and the posture of the case at the time that the
county court entered the order. The record before us makes clear that the county
court did not enter its final judgment until after its bench trial on March 17, 2008. 
The county court's February 28, 2008 order, in which the county court found that
Hollyview was entitled to possession of the apartment based upon Simmons's default,
was not a final judgment, and the order granting Hollyview possession of the
apartment is expressly contemplated by rule 749b. See Tex. R. Civ. P. 749b
(providing that tenant "shall be entitled to stay in possession of the premises during
the pendency of the appeal" only by complying with procedures set forth); see also
Kennedy, 905 S.W.2d at 327 ("If the appellant defaults in his timely payment of rent
into the registry of the court [under rule 749b(3)], he is no longer 'entitled to stay in
possession of the premises during the appeal.'"). Although rule 749b(3) speaks of a
"writ of restitution" rather than a "writ of possession," a county court is authorized
to return possession of the premises through a writ of restitution when a tenant
defaults under the requirements of rule 749b(3). Tex. R. Civ. P. 749b; Kennedy, 905
S.W.2d at 327 ("Upon the appellee filing notice and showing the appellant's default
in his timely payment of rent into the registry of the court, the county court returns
possession of the premises to the appellee by issuing a writ of restitution."). (1) 
Accordingly, we hold that the county court did not err in awarding Hollyview
possession of the apartment in its February 28, 2008 order.

 We overrule Simmons's first issue.

Attorney's Fees

 In his second issue, Simmons argues that the county court's award of $2,000
in attorney's fees to Hollyview was unreasonable because Hollyview's attorney
testified that his rate was $150 per hour, "he only had 3 hours of court time," and
attorney's "fees are generally a percentage of the award not a multiplier."

 Texas Property Code section 24.006 provides that, in an eviction suit, if the
landlord provides the tenant the notice required under that section "or if a written
lease entitles the landlord to recover attorney's fees, a prevailing landlord is entitled
to recover reasonable attorney's fees from the tenant." Tex. Prop. Code Ann.
§ 24.006 (Vernon 2000); see also Tex. R. Civ. P. 752 (stating that recoverable
damages may include attorneys's fees in justice and county courts). In determining
a reasonable amount of attorney's fee to award, a factfinder should consider (1) the
time and labor required, the novelty and difficulty of the questions involved, and the
skill required to perform the legal service properly; (2) the likelihood that the
acceptance of the particular employment will preclude other employment by the
lawyer; (3) the fee customarily charged in the locality for similar legal services; (4)
the amount involved and the results obtained; (5) the time limitations imposed by the
client or by the circumstances; (6) the nature and length of the professional
relationship with the client; (7) the experience, reputation, and ability of the lawyer
or lawyers performing the services; and (8) whether the fee is fixed or contingent on
results obtained or uncertainty of collection before the legal services have been
rendered. Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex.
1997) (citing Tex. Disciplinary R. Prof'l Conduct 1.04).

 At the March 17, 2008 trial, consistent with the factors set forth above,
Hollyview's attorney testified, among other things, that his billing rate was $150 per
hour, he specialized in forcible entry and detainer suits, his billing rate was lower
than those in his firm who also specialized in this type of work, he had drafted
numerous documents in the case, he had attended numerous hearings in the justice
and county courts, he had reviewed documents, he had spent time in contact with the
court and his client, he had expended seventeen hours total on the case, and his fees
totaled $2,550. Hollyview's attorney also requested appellate attorney's fees as well
as court costs, and he provided the county court with an estimate of the appellate fees
he anticipated accruing. Simmons cross-examined Hollyview's attorney on the
attorney's fees. The county court, based upon this evidence, awarded Hollyview
$2,000 in attorney's fees and did not provide a separate award for appellate fees. We
hold that the county court's award of attorney's fees to Hollyview was reasonable and
was supported by the evidence detailed above and that the county court did not abuse
its discretion in awarding Hollyview these fees. See Whitmire v. Greenridge Place
Apartments, No. 01-06-00963-CV, 2007 WL 2894167, at *4-5 (Tex. App.--Houston
[1st Dist.] Oct. 4, 2007, pet. dism'd) (reviewing, and affirming, attorney's fees
awarded in forcible entry and detainer suit).

 We overrule Simmons's second issue.

Conclusion


 We affirm the judgment of the county court.



 Terry Jennings

 Justice


Panel consists of Justices Jennings, Higley, and Sharp.

1. The Dallas Court of Appeals has noted that, in 1988, Texas Rule of Civil Procedure
748 was amended to refer to a "writ of possession" rather than a "writ of restitution"
and that, after these amendments, only rule 749b(3) continued to refer to a "writ of
restitution." See Kennedy v. Highland Hills Apartments, 905 S.W.2d 325, 327 n.2
(Tex. App.--Dallas 1995, no writ). The court questioned "[w]hether the supreme
court intentionally left the term 'writ of restitution' in rule 749b or intended, but
failed, to change writ of restitution to writ of possession as in rule 748 . . . ." See id. 
Regardless of whether the supreme court intended to make this modification in
terminology to rule 749b, rule 749b expressly contemplates that a tenant may stay in
possession of the premises only by complying with the procedures set forth therein.
Tex. R. Civ. P. 749b.