Dismissed and Memorandum Opinion filed April 20, 2010.

 

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00423-CV

___________________

 

Linda Frank, Appellant

 

V.

 

Brittany Square Apartments,
Appellee



 



 

On
Appeal from the County Court at Law No. 4

Fort Bend County,
Texas



Trial Court Cause No. 08-CCV-038247

 



 

 

MEMORANDUM  OPINION

            This appeal
arises from a forcible detainer action.  The justice court ruled in favor of the
landlord, Brittany Square Apartments, and tenant Linda Frank appealed to the county
court at law for a de novo trial on the merits.  See Tex. R. Civ. P. 749.  In the county
court, Brittany Square filed a sworn motion in which it represented that Frank
failed to make rental payments into the registry of the court.  See Tex. R. Civ. P. 749b (permitting a
residential tenant who makes such payments to “stay in possession of the
premises during the pendency of the appeal”).  On April 27, 2009, the county
court granted the motion and signed an order requiring Frank and all occupants to
vacate the premises by May 4, 2009.  The court further provided that a writ of
possession would issue in the event of noncompliance.  Frank immediately filed
this appeal.[1]

            This court has
appellate jurisdiction only over final judgments and certain nonfinal orders
for which an interlocutory appeal is statutorily authorized.  The county
court’s determination that a tenant has not complied with Rule 749b is neither
a final judgment nor an appealable interlocutory order.  Cf. Tex. Prop. Code Ann. § 24.007 (Vernon
2000) (addressing appeal of a county court’s “final judgment” in a residential
eviction suit).  By its terms, Rule 749b addresses only entitlement to possess
the premises “during the pendency of the appeal” in the county court; it is not
dispositive of that appeal itself.  See id.; see also Kennedy v.
Highland Hills Apartments, 905 S.W.2d 325, 327 (Tex. App.—Dallas 1995, no
writ) (holding that county court erred in entering a default judgment on the
merits based on tenant’s failure to make timely rental payments into the
court’s registry in accordance with Rule 749b).  Consequently, a county court’s
order granting the landlord possession of the premises pursuant to Rule 749b is
not a final order.  Simmons v. Hollyview Apartments, No. 01-08-00231-CV,
2009 WL 30508325, at *2 (Tex. App.—Houston [1st Dist.] Sept. 24, 2009, pet.
filed) (mem. op.).   

            We provided
the parties with notice of our intent to dismiss the appeal in this court based
on the absence of an appealable order.  See Tex. R. App. P. 42.3(a) (permitting an appellate court to
dismiss the case on its own motion upon ten days’ notice to the parties). 
Frank responded to the notice by producing an additional copy of the county
court’s April 27, 2009 order and an unofficial copy of the writ of possession
to which it refers.  Because the latter document is neither part of the record
nor suggestive of an adjudication on the merits, we dismiss the case for want
of jurisdiction.      

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Boyce.









[1] She also filed a petition
for writ of mandamus, which we denied.  In re Linda Frank, No.
14-09-00438-CV, 2009 WL 1333325 (Tex. App.—Houston [14th Dist.] May 14, 2009,
orig. proceeding).