

FILED
April 15, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-14-00202-CV
4572670
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/19/2015 6:30:28 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00202-CV

RECEIVED IN
~~3rd COURT OF APPEALS~~
AUSTIN, TEXAS
3/19/2015 6:30:28 PM
JEFFREY D. KYLE
Clerk

IN THE COURT OF APPEALS

THE THIRD DISTRICT OF TEXAS

DALLAS TEXAS

---

NEMER MASSAAD, and all other OCCUPANTS

Appellant

**V.**

WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE
FOR OPTION ONE MORTGAGE LOAN TRUST 2006-3,
ASSET BACKED CERTIFICATES, SERIES 2006-3

Appellee.

---

Appeal from the County Court at Law Number One
Travis County, Texas
Trial Court Case No. C-1-CV-14-000401
Hon. Joe Carroll, presiding

---

**Oral Argument Requested**

# MOTION FOR REHEARING
# BRIEF FOR APPELLANT

1

## Identity of the Parties

**Appellant/Defendant**
NEMER MASSAAD

**Counsel for Appellant/Defendant**

James Minerve
State Bar No. 24008692
115 Saddle Blanket Trail
Buda, Texas 78610
(210) 336-5867
(888) 230-6397 (Fax)
(Appellate, Post-trial, and Appellate)

**Appellee/Plaintiff**
WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION
ONE MORTGAGE LOAN TRUST 2006-3,ASSET BACKED CERTIFICATES,
SERIES 2006-3

**Counsel for Appellee/Plaintiff**

Mackie Wolf Zientz & Mann, P.C.
Mark D. Cronenwett
State Bar No. 00787303
Parkway Office Center, Ste 900
14160 North Dallas Parkway
Dallas, Texas 75254
(214) 635-2650
(888) 230-6397 (Fax)
(Appellate, Post-trial, and Appellate)

# Table of Contents

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Table of Authorities . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . 4-5

Glossary of Terms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

    The Puentes and Crawford Holdings . . . . . . . . . . . . . . . . . . . . . . . .13

    Puentes v. Fannie Mae Case Summary . . . . . . . . . . . . . . . . . . . . .. . . . . . . .13

    Federal Home Loan Mortgage Corp. v. Crawford Case Summary . . . . . . . .14

    Legal Injury Rule . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

    Continuing Tor Rule . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . .22

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . 23

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .25

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .26

Appendix . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . .27

# Table of Authorities

Cases                                                                                       Page

*Puentes v. Fannie Mae,*
350 S.W.3d 732, 734-35 (Tex. App. – El Paso 2011, Pet. Dism'd) . . . 11, 13, 14, 18

*Federal Home Loan Mortgage Corp. v. Crawford,*
Cause No. 14-13-0010-CV, Pg. 1 (Tex. App. – Houston [14th Dist.] Oct. 9, 2014] . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14, 15

*Rice v. Pinney,*
51 S.W.3d 705; 2001 Tex. App. LEXIS 1831. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Kennedy v. Highland Hills Apartments,*
905 S.W.2d 325,326 (Tex.App.-Dallas 1995, no writ) . . . . . . . . . . . . . . . . . . . . . . 17

*Johnson v. Fellowship Baptist Church,*
627 S.W.2d 203, 204 (Tex.App.-Corpus Christi 1981, no writ) . . . . . . . . . . . . . . . 17

*Fandev v. Lee,*
880 S.W.2d 164. 168 (Tex.App.-El Paso 1994, writ denied) . . . . . . . . . . . . . . . . . 17

*Cuellar v. Martinez,*
625 S.W.2d 3, 5 (Tex.Civ.App.-San Antonio 1981, no writ) . . . . . . . . . . . . . . . . . 17

*Johnson v. Highland Hills Drive Apartments,*
552 S.W.2d 493, 495 (Tex.Civ.App.-Dallas 1977), writ ref'd n.r.e. per curiam,
568 S.W.2d 661 :(Tex.1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Brown v. Henderson,*
941 S.W.2d 190 (App. 13 Dist., 1996). . . . . . . . . . . . . . . . . . . . . . . . 16

*Houtex Ready Mix Concrete & Materials v. Eagle Const. & Environment Services, LP*
226 S.W.3d 514 (App. 1 Dist. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Amstadt v. U.S. Brass Corp.,*
919 S.W.2d 644, 652 (Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . 16

*Lopez v. Sulak,*
76 S.W.3d 597, 605 (Tex. App.-Corpus Christi 2002, no pet.) . . . . . . . . . . . . 18

*Ward v. Malone,*
115 S.W.3d 267. 270 (Tex. App.-Corpus Christi 2003, pet. Denied) . . . . . . . . . 18

*Pustejovsky v. Rapid American Corp.,*
35 S.W.3d 643 Supp. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Childs v. Haussecker,*
974 S.W.2d 31 (Supp. 1998. rehearing overruled) . . . . . . . . . . . . . . . . . . . . . . 19

*Mitchell Energy Corp. v. Bartlett,*
958 S.W.2d 430 (App. 2 Dist. 1997. rehearing overruled. review denied. rehearing
of petition for review overruled . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 22

Rogers v. Ricane Enterprises. Inc.,
(App. 7 Dist. 1996) 930 S.W.2d 157 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 22

*Morris v. Enron Oil & Gas Co...*
948 S.W.2d 858 (App. 4 Dist. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

*Sullivan v. Bickel & Brewer..*
  943 S.W.2d 477 (App. 5 Dist. 1995. writ denied. rehearing of writ of error
  overruled . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
*Arauette v. Hancock.*
  656 S.W.2d 627, 629 (Tex. App. – San Antonio 1983, writ ref'd n.r.e) . . . . . . . 22
*Rogers*
  162 S.W.3d at 290) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
*Murray v. San Jacinto Agency, Inc..*
  800 S.W.2d 826, 828 (Tex. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11
*S.V. v. R.V.,*
  933 S.W.2d 1, 4 (Tex.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12
*Doe v. Catholic Diocese of El Paso,*
  362 S.W.3d 707, 716 (Tex.App.-El Paso 2011, no pet.) . . . . . . . . . . . . . . . . . . .12
*Robinson v. Weaver,*
  550 S.W.2d 18. 19 (Tex.1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
*Two Pesos. Inc. v. Gulf Ins. Co..*
  901 S.W.2d 495.500 (Tex. App.-- Houston [14th Dist.] 1995, no writ) . . . . . . . . . . . . .22
*Krohn v. Afarcus Cable Assocs.. L.P..*
  201 S.W.jd 876, 880 (Tex. App.-Waco 2006, pet. demed) . . . . . . . . . . . . . . . . . . 22

**Texas Rules of Appellate Procedure**
Texas Rule of Appellate Procedure 39.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

**Texas Rules of Civil Procedure**
Texas Rule of Civil Procedure 510 (738-754 . Repealed by Order of April 15. 2013.
  Eff. Aug. 31, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

**Texas Property Code**
Texas Property Code Section 24.002-008 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12
Texas Property Code Section 24.005(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

**Texas Civil Practice and Remedies Code**

Texas Civil Practice and Remedies Code 31.005 (2013) . . . . . . . . . . . . . . . . . . . . . . .16
Texas Civil Practice and Remedies Code Ann. § 16.003(a) and (b)
(West Supp. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10
Texas Civil Practice and Remedies Code 16.03 . . . . . . . . . . . . . . . . . . . . . . .12, 21, 23

## Glossary of Terms

Citation in this Brief will be as noted below to the following volumes of the record on file in this appeal, said volumes being incorporated herein by reference:

| | |
|---|---|
| Clerk' Record | CR |
| Reporter's Record Volume 1 | RR1 |
| Reporter's Record Volume 2 | RR2 |
| Reporter's Record Volume 3 | RR3 |

## Statement of the Case

This is a Forcible Detainer Case. October 18, 2011 the Appellee filed a Forcible Detainer Action. November 7, 2011, the JP Court issued a judgment in favor of Appellant, denying the possession to the Appellee.[1] Appellee re-filed its lawsuit under Cause No. 051840 and the JP Court dismissed it as a duplicate case on November 7, 2011.[2] November 7, 2011, a party in interest, at the time, filed in District Court a Quiet Title Action, Cause No. D-I-GN-I1-003424.[3] November 21,2011, the Appellee filed another FED Action in this Court, Cause No. 052212. December 29, 2011, this Court issued Judgment for the Appellant.[4] November 6, 2013, the Appellee filed another FED action (FED Action 4) in the JP Court, Cause No. J3CV13056327. The JP Court rendered judgment in favor of the Appellee. The Appellant appealed to the County Court at Law No. 1. The County

---

[1] Exhibit C: FED Order 1, in favor of Defendant, dated November 7, 2011, Cause No. 051975.
[2] Exhibit D: FED Order 2, in favor of Defendant, Duplicate Case Dismissal Order, dated November 7, 2011, Cause No. 051840.
[3] Exhibit E: Quiet Title Action, filed in the 345th District of Travis County, dated November 7, 2011, Cause No. D-1GN-11-003424.
[4] Exhibit F: FED Order 3, in favor of Defendant, dated December 29, 2011.

Court held a trial de novo and ruled in favor of the Appellee without issuing an opinion.

## Statement Regarding Oral Argument

Pursuant to Texas Rules of Appellate Procedure 39.1, Nemer Massaad requests oral argument and submits that it would materially aid the decisional process in this case.

## Issues Presented

Appellant respectfully submits the following motion for rehearing brief which outlines the legal framework in which the Court should consider the following:

1.      Whether the Two-year limitation period of Texas Civil Practice and Remedies Code

§I6.003 bars Appellee's Forcible Detainer suit for possession of the property?

## STATEMENT OF FACTS

On or about September 6, 2011, the Appellee wrongfully conducted a foreclosure sale of this property.5 *RR2 at 6; RR3 at Pl's Exh. 2*. September 23, 2011, the Appellee provided the Appellant with the Notice prescribed in Texas Property Code§ 24.005(b).6 *RR2 at D's Exh. B*. October 18, 2011 the Appellee filed a Forcible Detainer Action, authorized under Texas Property Code§ 24.005(b). *RR2 at 18*. November 7, 2011, the JP Court issued a judgment in favor of Appellant, denying the possession to the Appellee.7 *RR2 at 20*. Appellee re-filed its lawsuit under Cause No. 051840 and the JP Court dismissed it as a duplicate case on November 7, 2011.8 *RR2 at 20; Appellant's Brief at 9*. November 7, 2011, a party in interest, at the time, filed in District Court a Quiet Title Action, Cause No. D-I-G.N-I1-003424.9 *RR2 at 37; Appellant's Brief at 9*. November 21, 2011, the Appellee filed yet another FED Action in this Court, Cause No. 052212. *RR2 at 20; Appellant's Brief at 9*. December 29, 2011, this Court again issued Judgment for the Appellant.10 *RR2 at 20; Appellant's Brief at*

---

5 Exhibit A: Trustee Deed, dated September 6, 2011

6  Exhibit B: Notice to Vacate, dated September 23, 2011

7 Exhibit C: FED Order 1, in favor of Defendant, dated November 7, 2011, Cause No. 051975.

8 Exhibit D: FED Order 2, in favor of Defendant, Duplicate Case Dismissal Order, dated November 7, 2011, Cause No. 051840.

9 Exhibit E: Quiet Title Action, filed in the 345th District of Travis County,  dated November 7, 2011, Cause No. D-1GN-11-003424.

10 Exhibit F: FED Order 3, in favor of Defendant, dated December 29, 2011.

October 30, 2013, the Appellee mailed the Appellant a superfluous Notice to Vacate letter. *CR 116-38, Bus. Records Aff. - Notices to Vacate' see also Appellant's Brief at 9.* Finally, over two years after September 26, 2011, when the Appellee sent the Appellant the Notice required under Texas Property Code§ 24.005(b), on November 6, 2013, the Appellee filed yet another FED action (FED Action 4) in the JP Court, Cause No. J3CV13056327. The JP Court rendered judgment in favor of the Appellee. The Appellant appealed to the County Court at Law No. 1. The County Court held a trial de novo and ruled in favor of the Appellee without issuing an opinion.

## SUMMARY OF THE ARGUMENT

The Court's holding on Appeal and Appellee's Appeal Brief are based on the holdings of two cases. *Federal Home Loan Mortgage Corp. v. Crawford*, Cause No. 14-13-0010-CV (Tex. App.—Houston [14th Dist.] Oct. 9, 2014]; and *Puentes v. Fannie Mae*, 350 S.W.3d 732 (Tex. App.—El Paso 2011, pet.. dism'd). These cases are inapplicable to this case before this court.

The applicable statute of limitations on a suit for forcible detainer is two years. *See Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)* (West Supp. 1998). For a suit to be timely under a two-year statute of limitations, it must be brought within two years from the date on which the cause of action accrues. *Id.* A cause of action generally accrues at the time when facts come into existence authorizing a claimant to seek a judicial remedy. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 828 (Tex.1990). In Texas, a Plaintiff's cause of action accrues, and the applicable limitations period starts to run, "when a wrongful act causes some legal injury, even if the fact

of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex.1996). *See also Doe v. Catholic Diocese of El Paso*, 362 S.W.3d 707, 716 (Tex.App.-El Paso 2011, no pet.)(same).

For the purposes of application of statute of limitations, a cause of action generally accrues at the time when facts come into existence which authorizes a claimant to seek a judicial remedy. *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex.1977). Put another way, "a cause of action can generally be said to accrue when the wrongful act effects an injury. In this case, the Appellee did not suffer an injury until it sent the Three-day Notice to Vacate and the Appellant refused to vacate. The Appellee sent the Three-day Notice September 23, 2011. Three days later, September 26, 2011, and not sooner, the Appellee could file an FED Action. The Appellee's injury occurred when the Appellant did not comply with the September 23, 2011 Three-day Notice to Vacate. This conduct caused the injury and gave rise to the FED cause of action, because at this point in time all the elements of Texas Property Code 24.002 were satisfied.

Despite the Appellee filing four FED actions, it was the Appellant's noncompliance with the September 23, 2011, Three-day Notice to Vacate that caused the injury and gave rise to the filing of all four FED actions. However, the fourth FED Action was time barred by Civil Practice and Remedies Code 16.03 Two Year Limitation, because the Appellant filed FED Action 4 November 6, 2013, over Two-years after September 23, 2011, the date the Appellee filed the notice effecting the injury, giving rise to an FED cause of action.

## ARGUMENT

Whether the Two-year limitation period of Texas Civil Practice and Remedies Code §16.003 bars Appellee's Forcible Detainer suit for possession of the property? Yes, it does!

**The Puentes and Crawford Holdings**

In short, both cases hold that res judicata does not bar a subsequent forcible detainer action, because each forcible detainer action is a new and independent action. The Puentes Court held that each FED action is a new and independent action not subject to res judicata, because each FED action is uniquely limited in time and an award of possession on a particular date does not implicate a party's possessory right on a future date. Whereas, the Crawford Court held each FED action is a new and independent action not subject to res judicata, if before filing each FED Action a new notice is delivered and the tenant refuses to surrender possession.

Neither case mentions the statute of limitations of FED actions under Texas Civil Practices and Remedies Code 16.003. These cases are a classic red herring by the Plaintiff. They are irrelevant to the question of how to apply CPRC 16.003 to forcible detainer actions. Therefore, the court should ignore these cases.

**Puentes v. Fannie Mae Case Summary**

In Puentes, the plaintiff Federal National Mortgage Association ("Fannie Mae") filed a forcible detainer action against Juan and Socorro Puentes on April 17, 2009, but lost that suit when it was unable to produce admissible evidence that it had properly provided the Puenteses with a notice to vacate. *Puentes v. Fannie Mae*, 350 S.W.3d 732, 734–35 (Tex. App.—El Paso 2011, pet. dism'd). Fannie Mae filed another forcible detainer suit on July 2, 2009, and in response the

Puenteses moved for summary judgment, arguing that res judicata barred the second suit. Id. at 735.

The trial court denied the Puenteses' motion and proceeded to hear evidence on the forcible detainer suit. Following Juan Puentes's testimony that he did not receive any notice to vacate, Fannie Mae offered a business records affidavit with attached exhibits reflecting that notice to vacate was sent by regular and certified mail before the second action was filed. Id. at 735–36, 738. The evidence was admitted over objection, and the trial court ultimately ruled in favor of Fannie Mae. Id. at 736.

On appeal, the Puenteses raised three issues, contending that the second suit was barred by res judicata, the trial court erred in admitting Fannie Mae's business records affidavit, and Fannie Mae's failure to pursue an appeal of the first suit deprived the justice and county courts hearing the second action of subject matter jurisdiction. Id. The appellate court rejected the second and third issues, and as to the Puenteses' res judicata argument, the court held that the second forcible detainer action was "a new and independent action to determine which party had the superior right of immediate possession at the time it was filed" that was not barred by res judicata. Id. at 739. The Puentes court reasoned that a forcible detainer action is "uniquely limited in time" and, because an award of possession on a particular date does not implicate a party's possessory right on a future date, the third element of res judicata was not satisfied. Id.

**Federal Home Loan Mortgage Corp. v. Crawford Case Summary**

On May 22, 2012, Federal Home Loan Mortgage Corporation ("Freddie Mac") filed a petition for forcible detainer in the justice court against Trinh Pham, Gary Block, and Katherine Crawford. *Federal Home Loan Mortgage Corp. v.*

*Crawford*, Cause No. 14-13-0010-CV, pg 1 (Tex. App.—Houston [14th Dist.] Oct. 9, 2014]. Crawford, inter alia, denied that Freddie Mac gave proper notice to vacate in accordance with the Texas Property Code. The justice court rendered judgment in favor of Freddie Mac in June 2012, and Crawford appealed to the county court for de novo review. Id.

In a supplemental answer filed in the county court, Crawford asserted an affirmative defense that Freddie Mac's forcible detainer action was barred by res judicata. Id. Crawford also filed a motion for summary judgment, arguing that Freddie Mac was barred by res judicata from filing the forcible detainer action, the third such action initiated by Freddie Mac against the defendants. Id.

Crawford supported her motion with evidence of Freddie Mac's first forcible detainer action in October 2010 against Pham. Id. In the 2010 action, a justice court rendered a take-nothing judgment in favor of Pham, and on appeal de novo, the county court rendered an order in February 2011, granting Freddie Mac's motion for nonsuit. Crawford also provided evidence of a second forcible detainer action filed by Freddie Mac against Pham, Crawford, and Block. Id. The 2011 action resulted in a take-nothing judgment in favor of the defendants, and on appeal de novo, the county court dismissed the action for lack of jurisdiction. Crawford's evidence included Freddie Mac's petitions, the justice court judgments, and the county court orders from the 2010 and 2011 actions. Id.

In response, Freddie Mac challenged only the third element of res judicata, arguing that a new, independent cause of action for forcible detainer accrued because the occupants were served with new notices to vacate served in February and May 2012. Freddie Mac attached case law in support of its summary judgment response. Id at 2. The Crawford Court agreed with Freddie Mac and held that a

new and independent cause of action for forcible detainer arises each time a person refuses to surrender possession of real property after a person entitled to possession of the property delivers a proper written notice to vacate; therefore, res judicata would not bar a second suit based on the commission of a subsequent forcible detainer. Id at 5.

Res Judicata in Forcible Detainer Actions

Civil Practice and Remedies Code sections addressing res judicata and estoppel effect of judgment or determination of fact or law in small claims court, justice of peace court, or lower trial court do not preclude res judicata effect of judgment or determination of those courts as to claims actually litigated therein. Tex. Civ. Prac & Rem. Code 31.005 (2013). *Brown v. Henderson*, 941 S.W.2d 190 (App. 13 Dist. 1996) (stating, "purpose of those statutes is to narrow preclusive effect of judgments of courts of limited jurisdiction by barring only claims actually litigated in limited-jurisdiction courts and allowing unlitigated claims to be tried, respectively, in county and district courts."); *Houtex Ready Mix Concrete & Materials v. Eagle Const. & Environmental Services, L.P.*, 226 S.W.3d 514 (App. 1 Dist. 2006) (stating "the code provision abrogating the general common law rules of res judicata and collateral estoppel for justice courts and small claims courts creates an exception to the general rule against splitting causes of action, allowing unlitigated claims from courts of limited jurisdiction to be tried in county courts.").

The doctrine of res judicata precludes re-litigation of claims that have been finally adjudicated or that arise out of the same subject matter and that could have been litigated in the prior action. Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996). Res judicata requires proof of the following elements: (1) a final

judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. Id

A forcible detainer action is a special proceeding governed by Texas Property Code 24.002-008, and Texas Rules of Civil Procedure 510 (738-754, Repealed by Order of April 15, 2013, eff. Aug. 31, 2013). *Rice v. Pinney*, 51 S.W.3d 705; 2001 Tex. App. LEXIS 1831; *Kennedy v. Highland Hills Apartments*, 905 S.W.2d 325, 326 (Tex.App.-Dallas 1995, no writ). It was created to provide a speedy, simple, and inexpensive means for resolving the question of the right to possession of premises. Id. To preserve the simplicity and speedy nature of the remedy, the applicable rule of civil procedure provides that "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." see Tex.R. Civ. P. 510; *Johnson v. Fellowship Baptist Church*, 627 S.W.2d 203, 204 (Tex.App.-Corpus Christi 1981, no writ).

The sole issue in a forcible detainer suit is who has the right to immediate possession of the premises. *Fandey v. Lee*, 880 S.W.2d 164, 168 (Tex.App.-EI Paso 1994, writ denied); *Cuellar v. Martinez*, 625 S.W.2d 3, 5 (Tex.Civ.App.-San Antonio 1981, no writ); *Johnson v. Highland Hills Drive Apartments*, 552 S.W.2d 493,495 (Tex.Civ.App.-Dallas 1977), writ ref'd n.r.e. per curiam, 568 S.W.2d 661 (Tex.1978).

The exclusive purpose of an FED action is to provide a person who is entitled to the immediate possession of real property a legal remedy (emphasis added), rather than force or violence, to gain possession of the property.

To prevail in a forcible detainer action pursuant to section 24.002 of the Texas Property Code, the plaintiff is not required to prove title but is only required

to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Ward v. Malone*, 115, S.W.3d 267, 270 (Tex.App.-Corpus Christi 2003, pet. Denied). For these reasons, a judgment of possession in a forcible detainer action is a determination only of the right to immediate possession and does not determine the ultimate rights of the parties to any other issue in controversy relating to the realty in question. Lopez v. Sulak, 76 S.W.3d 597, 605 (Tex.App.-Corpus Christi 2002, no pet.). Therefore, an FED judgment is not a final judgment.

Consequently, an FED judgment inherently is not final and determines a time dependent issue (i.e., which party has the superior right to immediate possession). In other words, a subsequent FED action is not barred by res judicata, because the subsequent FED action does not meet the first and third prong of the res judicata test, even if only a single 3-Day notice was sent prior to filing both FED actions. The judgment is not final and the claims are different, i.e., the sole issue decided in an FED action, which party has the superior right to possession now, changes by the passage of time.

There is no rule requiring a landlord to necessarily send a separate 3-Day Notice prior to filing an FED. The holdings in Crawford and Puentes point out that each FED is a new and independent action, and, therefore, res judicata does not bar the filing of subsequent FED actions. However, as pointed out above, this is true even where a single notice is delivered prior to filing more than one FED action.

**Legal Injury Rule**

The limitations statute governing forcible detainer actions does not define the accrual date, and thus it falls to the courts to establish when such claims accrue. *Pustejovsky v. Rapid-American Corp.* 35 S.W.3d 643 (Sup. 2000); *Childs v.*

*Haussecker*, 974 S.W.2d 31 (Sup. 1998, rehearing overruled) (stating, "Because the accrual date for personal injury actions is not defined by statute of limitations, the courts are charged with the responsibility of articulating the rules governing accrual."); *Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430 (App. 2 Dist. 1997, rehearing overruled, review denied, rehearing of petition for review overruled) (stating "Determining what rule of accrual to apply is question of law"); Rogers v. Ricane Enterprises, Inc. (App. 7 Dist. 1996) 930 S.W.2d 157 , modified on rehearing, writ denied, rehearing of writ of error overruled) (stating, "Question of when cause of action accrues is judicial one to be determined with due regard to underlying statutory policy of repose, without, however, permitting unnecessary individual injustices.").

For limitations purposes, the general rule is that cause of action accrues when wrongful act effects injury.    *Morriss v. Enron Oil & Gas Co.*, 948 S.W.2d 858 (App. 4 Dist. 1997);    *Sullivan v. Bickel & Brewer*, 943 S.W.2d 477 (App. 5 Dist. 1995, writ denied, rehearing of writ of error overruled) (stating, "Accrual of limitations period occurs when facts come into existence authorizing claimant to seek judicial remedy.").

In this case, the Appellee did not suffer an injury until it sent the first 3-Day Notice to Vacate, September 23, 2011, and the Appellant refused to vacate, four days later, September 27, 2011.  On that date, and not sooner, the Appellee could file an FED Action.  The Appellee's injury occurred when the Appellant did not comply with the September 23, 2011 Three-day Notice to Vacate.  This conduct caused the injury and gave rise to the FED cause of action, because at this point in time all the elements of Texas Property Code 24.002 were satisfied.  It was the Appellant's noncompliance with the September 23, 2011, Three-day Notice to

Vacate that caused the injury and gave rise to the filing of all four FED actions. The legal status of the Appellants changed from tenant at sufferance to unlawful detainer and has not changed since.

The sending of additional notices did not change the legal status of the Appellants. From September 23, 2011 to date the Appellants have not surrendered possession to the Appellee. The fact that the Appellee demanded possession more than once did not change the legal status of the Appellant, nor were the additional notices necessarily mandatory prior to filing FED Actions 2, 3, and 4.

However, hypothetically, had the Appellee and Appellants entered an agreement, wherein the parties agreed that the Appellants could retain possession at will or for a term, the legal status of the Appellants would have changed. In this case, the SOL's would be cut off, and subsequently, if the Appellants defaulted on the agreement, and the Appellee sent the Appellants a demand to vacate and the Appellants refused, the SOL's would start anew. This hypothetical is inconsistent with the facts of this case.

However, this situation occurs in the rental cases. For example, if a tenant under a written lease defaults on the rent one month, the landlord sends a demand to vacate, and the tenant cures. At this point in time and circumstances, the legal status of the tenant has changed. He is no longer in default. The facts giving rise to a forcible detainer action are lacking. Therefore, the SOL's is cut off.

However, if the same tenant later defaults on rent, the landlord sends an appropriate demand to vacate, and the tenant does not cure, the legal status of the tenant has changed to an unlawful detainer. At this point in time and circumstances, the landlord suffers a new injury, giving rise to a new FED cause of action. If the legal status of the tenant effects a new injury, or recurring injury, the

SOL's commences anew.

In the case of a tenant at sufferance who refuses the first demand to vacate, as in this case, the landlord cannot fairly assert he suffers a new injury because the unlawful detainer ignores subsequent notices. The legal status of the former tenant at sufferance changed to unlawful detainer upon refusing to surrender possession after the first demand to vacate, and the tenant's legal status of unlawful detainer did not change with delivery of each subsequent notice.

Note that subsequent notices do not cure the unlawful detainment, there is no agreement between the parties, and the injury suffered does not subside. The injury suffered by the landlord is that he is denied possession by the unlawful detainer. Texas Civil Practices & Remedies Code 16.003 affords the landlord two years from the date of unlawful detainment to obtain possession by filing a forcible detainer action, regardless of how many FED actions filed within the two-year period. This construction of the statute is fair and reasonable.

An FED action is not a final judgment, res judicata does not bar refiling FED actions. An FED action is a special proceeding, cumulative of remedies available to the Appellee. At the end of two-year SOL, the Appellee has to invoke another legal remedy to obtain possession (e.g., trespass to try title, declaratory judgment action, writ of possession from district court). However, this construction of the statute allows an exception for rental cases, which are fundamentally different from the tenant at sufferance situation, as pointed out above.

In this case, FED4 was time barred by Civil Practice and Remedies Code 16.03 Two Year Limitation, because the Appellee filed FED4 November 6, 2013, over two years after September 27, 2011, the date the Appellants failed to comply with the September 23, 2011 notice effecting the injury, giving rise to an FED

cause of action.

## Continuing Tort Rule

A continuing tort involves wrongful conduct inflicted over a period of time that is repeated until desisted, and each day creates a separate cause of action. *Two Pesos, Inc. v. Gulf Ins. Co.*, 901 S.W.2d 495, 500 (Tex. App.-- Houston [14th Dist.] 1995, no writ) (citing *Arquette v.Hancock*, 656 S.W.2d 627, 629 (Tex. App.--San Antonio 1983, writ ref'd n.r.e.)).

In determining whether there is a continuing tort, "care must be taken to distinguish between 1) repeated injury proximately caused by repetitive wrongful or tortious acts and 2) continuing injury arising from one wrongful act. While the former evinces a continuing tort, the latter does not." *Krohn*, 201 S.W.3d at 880; (quoting *Rogers*, 162 S.W.3d at 290). In this case, the Appellants were purportedly tenants at sufferance, who refused to comply with a Notice to Vacate ever since September 27, 2011. In this case, prior to September 27, 2011, the Appellants, occupancy were not unlawful. After that date the Appellants detained possession unlawfully ever since. With the passage of each day, and for that matter, the filing of each subsequent 3-Day notice to vacate and filing of FED action, a new injury did not occur.

After October 15, 2011, the Appellant's occupancy or possession was hostile and defiant. Their legal status changed to unlawful detainers. This state of affairs has not changed heretofore and gave rise to all four of the Appellee's FED Actions. The September 23, 2011 Notice and the Appellants' noncompliance with it

inflicted an injury on the Appellee, and was required for the Appellee to file all four FED actions (although FED4 is time barred). Subsequent notices to vacate were superfluous.

## PRAYER

The Appellee obtained a Substitute Trustee Deed to the Property September 6, 2011. The Appellee served the Appellant with Notice to Vacate September 23, 2011. The Appellee subsequently filed Four FED Actions, including this Action filed November 6, 2013, over two after the September 23, 2011 Notice to Vacate. For a suit to be timely under Texas Civil Practices and Remedies Code 16.03 two-year statute of limitations, it must be brought within two years from the date on which the cause of action accrues.

In Texas, a Appellee's cause of action accrues, and the applicable limitations period starts to run, when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred. The Appellee's injury occurred when the Appellant did not comply with the September 23, 2011, Three-day Notice to Vacate. This injury gave rise to the FED cause of action, because at this point in time all the elements of Texas Property Code 24.002 were satisfied.

Therefore, the fourth FED Action was time barred by Civil Practice and Remedies Code 16.03 Two Year Limitation. The Appellant filed FED Action 4 November 6, 2013, over two years after September 23, 2011, the date the Appellee filed the notice effecting the injury, giving rise to an FED cause of action. FED Orders 1, 2, and 3 were in favor of the Appellant. The County Court had a de novo trial and ruled in favor of the Appellee without issuing an opinion. The County

Court FED Action is likewise time barred, and should be reversed.

Date: March 19, 2015

Respectfully submitted,

/s/ JAMES MINERVE

James Minerve
State Bar No. 24008692
115 Saddle Blanket Trail
Buda, Texas 78610
(210) 336-5867
(888) 230-6397 (Fax)
Attorney for Appellant Nemer
Massaad

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was sent to the Appellee in accordance with the Texas Rules of Civil Procedure on this 19th day of March 2015:

Mackie Wolf Zientz & Mann, P.C.
Mark D. Cronenwett
State Bar No. 00787303
Parkway Office Center, Ste 900
14160 North Dallas Parkway
Dallas, Texas 75254

/s/ James Minerve
_____
James Minerv

## CERTIFICATE OF COMPLIANCE

Because this brief contains 6929 words, excluding the parts of the brief

exempted by Tex. R. App. P. 9.4(i)(2), Appellant has simultaneously filed a

Motion to Exceed Word Number Limitation that is required per Tex. R. App. P.

9.4(i)(2)

/s/ James Minerve
_____
James Minerve

# Appendix

1.  Travis County Court at Law Number One Judgment.
2.  Texas Civil Practice and Remedies Code § 16.003

*Exhibit A*

## FORECLOSURE SALE DEED
### (With attached Affidavit for recording as one document)

| | |
|---|---|
| **Deed of Trust Date:** | August 31, 2006 |
| **Grantor(s):** | NEMER MASSAAD |
| **Original Mortgagee:** | OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA CORPORATION |
| **Current Mortgagee:** | WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2006-3, ASSET-BACKED CERTIFICATES, SERIES 2006-3 |
| **Recording Information:** | Document 2006171794 of the real property records of Travis County, Texas. |
| **Property Legal Description:** | LOT 19, BLOCK E, OLYMPIC HEIGHTS SECTION 2, A SUBDIVISION IN TRAVIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN DOCUMENT NUMBER 200200216 OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS. |
| **Date of Sale:** | 09/06/2011        **Time of Sale:**  12:01 pm |
| **Place of Sale:** | THE AREA UNDER THE REAR PORTICO OF THE COURTHOUSE LOCATED ON THE WEST SIDE OF COURTHOUSE IMMEDIATELY SOUTH OF AND SLIGHTLY EAST OF 11TH & SAN ANTONIO STREET, REFERRED TO AS THE SALLYPORT OR AS DESIGNATED BY THE COUNTY COMMISSIONER'S OFFICE |
| **Buyer:** | WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2006-3, ASSET-BACKED CERTIFICATES, SERIES 2006-3 |
| **Buyer's Mailing Address:** | c/o AMERICAN HOME MORTGAGE SERVICING, INC. 1525 S. BELT LINE RD COPPELL, TX 75019 |
| **Amount of Sale:** | $122,400.00 |

By Deed of Trust, Grantor conveyed to THOMAS F. VETTERS, as Trustee, certain property for the purpose of securing and enforcing payment of the indebtedness and obligations therein described, including but not limited to the Note and all renewals and extensions of the note. ~~MARK HOPKINS, PAUL COLLEY, JR., ALLISON CHANDLER,~~ M. MATTHEW WILLIAMS, ~~JOHN LYNCH, EMILY STROOPE OR MICHAEL W. ZIENTZ~~ was appointed by an Appointment of Substitute Trustee executed by WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2006-3, ASSET-BACKED CERTIFICATES, SERIES 2006-3, the current mortgagee of the Deed of Trust, who requested ~~MARK HOPKINS, PAUL COLLEY, JR., ALLISON CHANDLER,~~ M. MATTHEW WILLIAMS, ~~JOHN LYNCH, EMILY STROOPE OR MICHAEL W. ZIENTZ~~, as Substitute Trustee, to enforce the trust of the Deed of Trust.

Pursuant to the requirements of the Deed of Trust and the laws of the state of Texas, written notice of the time, place, date, and terms of the public foreclosure sale of the Property was posted at the courthouse of Travis County, Texas, the county in which the Property is situated, and a copy of the notice was also filed with the county clerk of Travis County, Texas, each notice having been posted and filed for at least twenty-one days preceding the date of the foreclosure sale. Written notice of the time, date, place, and terms of the foreclosure sale was served on behalf

of the current Mortgagee by certified mail on each debtor who, according to the records of the current Mortgagee, is obligated to pay any of the indebtedness and obligations. The certified-mail notices were timely sent by depositing the notices in the United States mail, postage prepaid in proper amount, and addressed to each debtor at the debtor's last known address as shown by the records of the current Mortgagee at least twenty-one days preceding the date of the foreclosure. Written notice of default and of the opportunity to cure the default to avoid acceleration of the maturity of the note was served on behalf of the current Mortgagee by certified mail on each debtor who, according to the records of the current Mortgagee, is obligated to pay any of the indebtedness and obligations. The certified-mail notices were timely sent by depositing the notices in the United States mail, postage prepaid in proper amount, and addressed to each debtor at the debtor's last known address as shown by the records of the current Mortgagee at least thirty days preceding the date of the acceleration of the maturity of the note and the posting of the mortgaged Property for foreclosure.

In consideration of the premises and of the bid and payment of the amount of $122,400.00, the highest bid by Buyer, I, as Substitute Trustee, by virtue of the authority conferred on me in the Deed of Trust, have GRANTED, SOLD, and CONVEYED all of the Property to Buyer and Buyer's heirs and assigns, to have and to hold the Property, together with the rights, privileges, and appurtenances thereto belonging unto Buyer and Buyer's heirs and assigns forever. I, as the Substitute Trustee, do hereby bind Grantor and Grantor's heirs and assigns to WARRANT and FOREVER DEFEND the Property to Buyer and Buyer's heirs and assigns forever, against the claim or claims of all persons claiming the same or any part thereof.

Executed on 7th day of September, 2011.



MARK HOPKINS, PAUL COLLEY, JR., ALLISON CHANDLER, M. MATTHEW WILLIAMS, JOHN LYNCH, EMILY STROOPE OR MICHAEL W. ZIENTZ

STATE OF TEXAS §
COUNTY OF Travis §

BEFORE ME, the undersigned authority, on this day personally appeared MARK HOPKINS, PAUL COLLEY, JR., ALLISON CHANDLER, M. MATTHEW WILLIAMS, JOHN LYNCH, EMILY STROOPE OR MICHAEL W. ZIENTZ, as Substitute Trustee, known to me to be the person whose name is subscribed to the foregoing instrument, and who acknowledged to me that he/she executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

Given under my hand and seal of office this 8th day of September 2011.

Notary Public, State of Texas

XXXXXX0834/11-000298-910
AFTER RECORDATION RETURN TO:
Mackie Wolf Zientz & Mann, P. C.
Pacific Center I, Suite 660
14180 North Dallas Parkway
Dallas, TX 75254

CINDEE K. CHARD
Notary Public, State of Texas
My Commission Expires
June 19, 2013

AFFIDAVIT

STATE OF TEXAS                          §
                                        §
COUNTY OF DALLAS                        §

BEFORE ME, the undersigned on this day personally appeared BRANDON WOLF and after being duly sworn, deposed and states under oath, as follows:

1.  I am over the age of eighteen (18), have not been convicted of a crime of moral turpitude and have personal knowledge of the facts contained in this affidavit.

2.  All notices required pursuant to the terms of the Deed of Trust and Texas Property Code Section 51.002(b) and (d) were provided to the debtors.

3.  In accordance with Texas Property Code Section 51.002, the Notice of Sale was posted at least twenty-one (21) days prior to the date of sale at the proper location designated by the County Commissioner's Court. Additionally, a copy of the Notice of Sale was filed at least twenty-one (21) days prior to the date of sale in the office of the County Clerk of the county in which the sale occurred.

4.  At the time of the Foreclosure Sale and nine (9) months prior to sale, the debtors were not in the armed services of the United States of America.

5.  At the time of the Foreclosure Sale the debtors were alive, were not protected by any stay under the United States Bankruptcy Code and were not involved in any divorce proceedings where a receiver had been appointed.

_____
BRANDON WOLF

STATE OF TEXAS                          §
                                        §
COUNTY OF DALLAS                        §

SUBSCRIBED AND SWORN TO before me by BRANDON WOLF on this 12th day of _____, 2011.

_____
Notary Public, State of Texas

MWZ#:              11-000298-910
Property Address:  2408 WILMA RUDOLPH RD, AUSTIN, TX 78748

E HARRIS
Notary Public, State of Texas
My Commission Expires
May 06, 2015

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS

DANA DEBEAUVOIR, COUNTY CLERK
TRAVIS COUNTY, TEXAS
September 16 2011 10:38 AM
FEE: $  24.00    2011135329

Exhibit B

MACKIE WOLF ZIENTZ & MANN, P. C.
ATTORNEYS AT LAW
PHONE (214) 635-2650   FAX (214) 635-2686

PACIFIC CENTER I, SUITE 660
14180 NORTH DALLAS PARKWAY
DALLAS, TEXAS 75254
† PLEASE RESPOND TO DALLAS OFFICE

UNION PLAZA
124 WEST CAPITOL, SUITE 1890
LITTLE ROCK, ARKANSAS 72201

11-000298-910
September 23, 2011
VIA CERTIFIED MAIL/RRR
AND REGULAR MAIL
NEMER MASSAAD
2408 WILMA RUDOLPH RD
AUSTIN, TX 78748

Re:   Property Address:   2408 WILMA RUDOLPH RD, AUSTIN, TX 78748
      MWZ Case No.:       11-000298-910
      3 Day Notice to Vacate Prior to Filing Unlawful Entry and Detainer - Residential

PLEASE TAKE NOTICE: Pursuant to the terms of the Deed of Trust that encumbered the above referenced property a foreclosure sale was held on 09/06/2011. Our client, WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2006-3, ASSET-BACKED CERTIFICATES, SERIES 2006-3, was the purchaser at the foreclosure sale and based upon the Deed of Trust, you are hereby given this 3-Day Notice to Vacate. You must completely vacate the leased premises by 09/26/11.

### OCCUPANT ASSISTANCE NOTICE

A provides relocation assistance programs to occupants of its foreclosed properties, for both former owners and tenants. It also provides a tenant information hotline, to allow you to claim tenant status as explained below. To discuss these programs, your options under them, or to claim tenant protections, please call (866) 612-3746. PARA ASISTENCIA EN ESPANOL LLAME AL (866) 612-3746.

Texas Property Code §24.005(b) provides in part:
If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible detainer suit.

If you fail to vacate by the above deadline, we will, on behalf of our client, WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2006-3, ASSET-BACKED CERTIFICATES, SERIES 2006-3, file a Forcible Detainer lawsuit against you.

IF YOU ARE AN ACTIVE DUTY MEMBER OF THE UNITED STATES ARMED FORCES OR A DEPENDENT OF AN ACTIVE DUTY SERVICEMEMBER, YOU MAY BE ENTITLED TO RIGHTS AS PROVIDED IN THE SERVICEMEMBERS CIVIL

Loan No. 0022220834
Notice of Vacate - Page 1 of 2



RELIEF ACT. IN SUCH CASE, YOU OR YOUR ATTORNEY SHOULD CONTACT THIS LAW FIRM AND PROVIDE PROOF OF MILITARY SERVICE IMMEDIATELY SO THAT THIS FIRM CAN DETERMINE IF YOU FALL UNDER THE PROTECTION OF THE ACT. PLEASE CONTACT DEBRA COLEMAN OR BRIAN OMMART AT (214) 635-2650.

THIS NOTICE IS GIVEN PURSUANT TO APPLICABLE LAW AND IN NO WAY IMPAIRS ANY OF THE OTHER REMEDIES OR RIGHTS OF THE OWNER, EITHER UNDER THE DEED OF TRUST OR UNDER APPLICABLE LAW.

If you have any questions please call our offices at (214) 635-2650.
Issued on September 23, 2011.

Mackie Wolf Zientz & Mann, P. C.

Loan No. 0022220834
Notice of Vacate - Page 2 of 2



Cause No.   051975

EXHIBIT C

COPY

WELLS FARGO BANK, N.A. AS TRUSTEE }{
FOR OPTION ONE MORTGAGE LOAN      }{          JUSTICE COURT
TRUST 2006-3, ASSET-BACKED        }{
CERTIFICATES, SERIES 2006-3       }{
                                  }{
  v.                              }{          PRECINCT THREE
                                  }{          TRAVIS COUNTY, TEXAS
MASSAAD, NEMER AND ALL OCCUPANTS  }{

> > >   JUDGMENT   < < <

On NOVEMBER 7 , 2011, came to be heard the above entitled and numbered cause.  The Plaintiff appeared and announced ready for trial.  The Defendant, duly notified did/did not appear and announce ready for trial.  No Jury was demanded and all issues were submitted to the Court.  After hearing and considering. pleadings, evidence and argument, the Court is of the opinion and finds that the Plaintiff/Defendant is entitled to judgment. During the pendency of an appeal in this cause, the court finds the monthly rental amount is $_____ of which the Defendant's portion is $_____ and a governmental entity's portion is $_____.

IT IS THEREFORE ORDERED, that the Plaintiff, WELLS FARGO BANK, N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2006-3, ASSET-BACKED CERTIFICATES SERIES 2006-3 recover from the Defendant, MASSAAD, NEMER AND ALL OCCUPANTS as follows:

POSSESSION of the premises at 2408 WILMA RUDOLPH RD, AUSTIN, TX 78748

$_____ rent;
$_____ attorney's fees; or
$_____ as total sum; plus
court costs; and post judgment interest at a rate of 5.00% per annum on all amounts from the date of judgment until paid.

Signed NOVEMBER 7 , 2011

ORIGINAL SIGNED BY JUDGE

_____
Susan Steeg
Justice of the Peace
Precinct Three
Travis County, Texas

Exhibit D

**CAUSE NO. 051840**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOAT TRUST 2006-3, ASSET-BACKED CERTIFICATES, SERIES 2006-3 VS. | § § § § § § § | IN THE JUSTICE COURT<br><br>PRECINCT THREE<br><br>TRAVIS COUNTY, TEXAS |

NEMER, MASSAAD AND ALL
OCCUPANTS OF 2408 WILMA
RUDOLPH RD, AUSTIN, TX 78748

### MOTION TO DISMISS

I, **Plaintiff** /Attorney; **Defendant** /Attorney; Other, request the court dismiss this case above for the reasons <u>FULLY</u> stated below:

==================================================

### REASON FOR MOTION

SEE ATTCHED _____

_____

_____

_____
Signature of Movant

_____
Printed Name of Movant

==================================================

### ORDER

NOV 07 2011

On this the _____ day of _____, 20____ came to be heard the above Motion for Dismissal and the same hereby GRANTED / DENIED with/without prejudice.

Duplicate case.

_____
Judge Susan Steeg
Justice of the Peace, Pct. 3
Travis County, Texas

Civil/jgmt-order/Motion to Dismiss



CASE NO.: D-1-GN-11-003424

| | |
|---|---|
| JOHN RADY<br>Plaintiff,<br><br>vs.<br><br>ELIZABETH BOULTON and<br>SAND CANYON CORPORATION<br><br>WELLS FARGO BANK, N.A., AS<br>TRUSTEE FOR OPTION ONE<br>MORTGAGE LOANN TRUST 2006-3,<br>ASSET-BACKED CERTIFICATES,<br>SERIES 2006-3 and<br><br>AMERICAN HOME MORTGAGE<br>SERVICING, INC.<br>Defendants | IN THE DISTRICT COURT<br><br>AT LAW NO. 345th<br><br>TRAVIS COUNTY, TEXAS<br><br> |

Notice to Agents is Notice to Principles
Notice to Principles is Notice to Agents

## PLAINTIFF'S VERIFIED ORIGINAL PETITION FOR DECLARATORY

## QUIET TITLE ACTION AND SUIT FOR UNLAWFUL FORECLOSURE

Reference:

This Petition is filed with reference to:

That certain Deed of Trust and Note originated on August 31, 2006 with OPTION ONE
MORTGAGE CORPORATION  the loan number number of which is 351039270
pertaining to the property known as 2408 Wilma Rudolph rd Austin, TX 78748 of which
the legal description is LOT 19, BLOCK E, OLYMPIC HEIGHTS SECTION 2, A
SUBDIVISION IN TRAVIS COUNTY, TEXAS

1

TO THE HONORABLE JUDGE PRESIDING:

Plaintiff, JOHN RADY, (herein after referred to as the "Plaintiff") who receives mail at 13276 Research Blvd. # 204 Austin, Texas 78750 brings an action against ELIZABETH BOULTON and SAND CANYON CORPORATION WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOANN TRUST 2006-3, ASSET-BACKED CERTIFICATES, SERIES 2006-3 and AMERICAN HOME MORTGAGE SERVICING, INC. referred to as "Defendants" for unlawful foreclosure and for other causes of action as stated herein:

## DEMAND FOR JURY TRIAL

Pursuant to Texas rule 216(b), a jury trial is demanded.

## INTRODUCTION

In a Judicial or Non-Judicial Foreclosure The normal law governing the proper procedure is governed by the Texas Constitution and the Texas Civil Rules of Procedures. However, in this case, the more important matter at issue is over the Promissory Note (a negotiable instrument) and the right of enforcement as granted by the Deed of Trust. The rights of the Defendant are derivative of the transferee from whom the Defendant received its rights. The transferee's rights were a derivative of those rights from whoever transferred those rights to them. This pattern continues back to the beginning of the chain of title. Therefore in order for the Defendant to show the right to foreclose Defendant must first prove proper chain of title and secondly what authority has been granted to the defendant. Therefore, this controversy is governed also by the Uniform Commercial Code. As per the Note and the Deed of Trust the Applicable law shall be "all controlling applicable federal, state, and local statutes, regulations, ordinances and administrative rules and orders ( that have effect of law) as well as all applicable final, non-appealable judicial opinions."

A Promissory Note, is a unique negotiable instrument. That uniqueness is what gives it power. If it were not for the uniqueness of the instrument there would be numerous conflicting claims and no way to decide who the proper owner is or who has

2

the right to enforce the terms of the agreement. The law is clear, with few exceptions, a person must be in possession of the note in order to have any rights. It is for this reason that the original wet ink signature Promissory Note is a critical piece of material evidence to establish whether or not the Defendant is the Holder in Due Course as governed under the UCC, and if not, who is.

## DISCOVERY LEVEL

1. Pursuant to Rule §9.01 D,2 of the Texas Rules of Civil Procedure. Plaintiff intends to conduct a Level 2 discovery in this case.

## THE PARTIES

2. At all times relevant hereto, Plaintiff, JOHN RADY, receiving mail at 13276 Research Blvd. # 204 Austin, Texas 78750 is a resident of the State of Texas. The Plaintiff is the owner of the property which is the subject matter of this Petition.

3. Upon information and belief, at all times relevant hereto ELIZABETH BOULTON and SAND CANYON CORPORATION WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOANN TRUST 2006-3, ASSET-BACKED CERTIFICATES, SERIES 2006-3 and AMERICAN HOME MORTGAGE SERVICING, INC.are the alleged lenders with adverse interest in the controversy. Defendant maintains several offices in Texas and has previously transacted and may continue to transact business throughout the State of Texas.

4. The Defendants identified in above paragraphs shall be referred to collectively as "Defendants".

5. Whenever reference is made in this Petition to any act of any Defendant(s), that allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

3

6. Any allegation about acts of any corporate or other business Defendant(s) means that the corporation or other business did the acts alleged through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

7. At all relevant times, each Defendant committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts as stated in this Petition. Additionally, some or all of the Defendants acted as the agent of the other Defendants and all of the Defendants acted within the scope of their agency if acting as an agent of another.

8. At all relevant times, each Defendant knew or realized that the other Defendants were engaging in or planned to engage in the violations of law as stated in this Petition. Knowing or realizing that other Defendants were engaging in or planning to engage in unlawful conduct, each Defendant nevertheless facilitated the commission of those unlawful acts. Each Defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

9. The violations of law as stated in this Petition occurred in Texas and the United States.

## JURISDICTION AND VENUE

10. The subject matter in controversy is within the jurisdictional limits of this Court. The Court has personal jurisdiction because the property, which is the subject of the litigation and the same, is located in Travis County Texas. See §17.56 of the Texas Business and Commerce Code.

11. Defendants are doing business in Texas and, have committed torts in the State of Texas.

4

12. Venue is proper under the mandatory venue rules § 15.001, 15.002(A), (1) of the Texas Civil Practice and Remedies Code.

## BACKGROUND MATERIAL FACTS

13. On April 22, 2011 Nemer Massaad conveyed all interest in the real property described as 2408 Wilma Rudolph rd, Austin, TX 78748 to John K. Rady. See Exhibit 1.

14. JUDICIAL NOTICE

15. If Defendant is unable to prove it is a Holder in Due Course and is unable to establish lawful authority from the true Note Holder in Due Course, then it has no Standing or right of enforcement.

## CAUSES OF ACTION

16. Defendant is not a real party in interest and had no legal standing to foreclose on the Property.

17. Further, standing "requires that a party seeking relief have a legally cognizable interest in the subject matter and that he has a threatened or actual injury.

18. The Note has been securitized and is now part of a public offering placed in a Trust. Therefore the Defendant can not claim ownership without committing securities fraud and is thereby bringing fraud before the court.

19. Defendant does not have the original Note and can not show legal Chain of Title or authority to foreclose on the property. A point at issue in this controversy involves the authenticity of a Promissory Note, Deed of Trust with Chain of Title and Defendant's *standing* to enforce foreclosure on property referenced above.

5

20. Plaintiff hereby Moves this Court to enter an Order compelling all parties who can lay lawful claim on the Deed of Trust to do so by presentment of valid enforceable proof of claim.

21. There is no evidence of an assignment of the Deed of Trust from the real party in interest. Defendant has not produced an assignment, nor are any assignment's recorded in the public records as required by law.

22. Plaintiff hereby Moves this Court to enter an Order compelling all parties who can lay lawful claim on the Note to do so by presentment of valid enforceable proof of claim.

23. Defendant brings multiple accounts of fraud before the court by claiming to be the Note Holder, claiming to have fulfilled the requirements of non judicial foreclosure

24. Breach of contract. Defendant has not followed the terms of the Note and Deed of Trust. The terms of the Deed of Trust have been violated by the Defendant making the Deed of Trust unenforceable.

25. The Note and Deed of Trust have been Bifurcated nullifying the Deed of Trust resulting in no right to foreclose.

26. By claiming to have a personal knowledge of the facts and to have reviewed the documents and signing an oath as to their authenticity the counsel for the Defendant has brought fraud before the court an done so in an effort to deceive the court into granting undue enrichment for himself and his client.

27. Unconscionability. Defendant has fraudulently committed multiple violations of local, state and federal laws in an effort to receive unjust enrichment.

28. Defendant violates the laws governing the Note and the Deed of Trust as a matter of practice in an effort to cut costs and many of these laws.

29. Defendants have committed Fraud and extortion to abuse the Non judicial process to suit their needs and requirements.

30. Defendant has failed to meet the precedent conditions to Non Judicial Foreclosure.

6

31. Defendant has put the Plaintiff's property at risk by doing business out side the limits of defendants authority as a licensed bank and under defendant's corporate charter.

32. Defendant misled the Plaintiff as to the purpose of creating the Note and what would happen to the Note after the Note was endorsed. These misrepresentations were intentional and designed to conceal the undue enrichment of the Lender.

33. The Defendant breached its fiduciary responsibility to the Plaintiff by not disclosing all of the facts concerning the Note and Deed of Trust and acting in a manner that puts the Plaintiff's property at risk.

34. The Defendant by wrongfully foreclosing on the Plaintiff's Property has caused irreparable damage to the Plaintiff, depriving the Plaintiff of the right to private property, the enjoyment of the fruits of their labors, and deliberately creating conditions whereby the Plaintiff's resources are extinguished in an effort to limit Plaintiff's ability to defend their rights.

35. Defendants actions have been deliberately designed to inflate the cost of reinstating the loan and creating circumstances whereby the Plaintiff could not qualify for loan Modification allowing the Defendant to give the appearance of offering help while working to do the opposite.

36. Defendant is not in compliance with the FASB (Financial Accounting Standards Board) part of the GAAP FAS 5, 95,125,133,140.

PRAYER FOR RELIEF

37. WHEREFORE, if Defendant fails to produce a lawful proof of claim and proof of standing as the Holder in Due Course, and Chain of Title Plaintiff respectfully moves this Court to enter a Quite Title judgment ordering the following remedies.

38. Release Plaintiff from all claims in relation to Defendant's foreclosure.

39. Award Quiet Title to the Property that is the subject of this suit.

40. Mark the Note as "Settled in Full" for the Defendant's record, as well as all public

7

41. records including but not limited to; all credit bureaus and county records.

42. Declare the Recorded Deed of Trust, Loan/ Mortgage of record, null and void.

43. Return all monies collected on this transaction to date with the same interest as the original Promissory Note calculated from the date of the loan paid in one lump sum.

44. Punitive damages for every intentional and knowing violation;

45. Declare the promissory note to be fully discharged.

46. Damages not to exceed the jurisdictional limits of this Court.

47. Recording fees, Court Cost, Servicing Fee's, expenses and any such other and further relief to which the plaintiff may justly be entitled.

48. Any other equitable relief, which the court deems, appropriates in this case.

49. Any and all other remedies appropriate and necessary deemed by this Honorable Court.

Respectfully submitted this the 7th day of November 2011.

JOHN RADY

13276 Research Blvd # 204
Austin, TX 78750
T: 512-258-0909

8

## CERTIFICATE OF SERVICE

Plaintiff's request that the clerk of the court prepare citation and that same be served by the clerk as authorized by the Texas rules by certified mail , return receipt requested , to the parties and addressed as follows:

JOHN RADY may be served at

13276 Research Blvd #204

Austin, TX 78750

AMERICAN HOME MORTGAGE SERVICING, INC.

registered agent CT CORPORATION SYSTEM

350N. ST. PAUL ST. STE. 2900

DALLAS, TEXAS 75201

SAND CANYON CORPORATION

registered agent CT CORPORATION SYSTEM

350N. ST. PAUL ST. STE. 2900

DALLAS, TEXAS 75201

ELIZABETH BOULTON

c/o SAND CANYON CORPORATION

registered agent CT CORPORATION SYSTEM

350N. ST. PAUL ST. STE. 2900

DALLAS, TEXAS 75201

9

VERIFICATION

STATE OF TEXAS
COUNTY OF TRAVIS

I, JOHN RADY, hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

_____
JOHN RADY
13276 Research #204
Austin, TX 78750
T: 512- 258-0909

SUBSCRIBED AND SWORN TO BEFORE ME on this the _____ day of _____
_____ 2011.

_____
Notary Public in and for
The State of Texas.

10

NOTICE SENT: (FINAL) INTERLOCUTORY NONE
DISP PARTIES: ALL
DISP CODE: (CVD) CLS 41618
REDACT PGS: ——
JUDGE OLN CLERK LHM

DC       BK12320 PG628

Filed in The District Court
of Travis County, Texas

ER NOV 13 2012

At _____ 11:45 A M.
Amalia Rodriguez-Mendoza, Clerk

NO. D-1-GN-11-003424

JOHN RADY,

     Plaintiff,

vs.

ELIZABETH BOULTON, SAND CANYON CORPORATION, WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2006-3, ASSET BACKED CERTIFICATES, SERIES 2006-3, AND AMERICAN HOME MORTGAGE SERVICING, INC.,

    Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT OF

TRAVIS COUNTY, TEXAS

345th JUDICIAL DISTRICT

## ORDER

On the 13th day of November 2012, the Court heard Elizabeth Boulton's Special Appearance and Defendants Elizabeth Boulton, Sand Canyon Corporation, Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-3, Asset-Backed Certificates, Series 2006-3, and Homeward Residential, Inc. f/k/a American Home Mortgage Servicing's Traditional and No-Evidence Motion for Summary Judgment. The Court, having considered the Special Appearance and Motion, and responses thereto, the competent summary judgment evidence before the Court, the arguments of counsel, the pleadings on file and all other materials properly before the Court, rules as follows:

The Court ORDERS that Elizabeth Boulton's Special Appearance is GRANTED and that Elizabeth Boulton is not subject to personal jurisdiction in the State of Texas for the allegations, claims, and causes of actions brought by Plaintiff in the above styled and captioned cause. Therefore, it is ORDERED, ADJUDGED and DECREED that Plaintiff's claims against Elizabeth Boulton are DISMISSED for lack of personal jurisdiction.

1

AUS:1003945/00120:478349v1

The Court is of the opinion that Defendants Sand Canyon Corporation, Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-3, Asset-Backed Certificates, Series 2006-3, and Homeward Residential, Inc. f/k/a American Home Mortgage Servicing's Traditional and No-Evidence Motion for Summary Judgment has merit and should be GRANTED.

Therefore, it is ORDERED, ADJUDGED and DECREED that Defendants Sand Canyon Corporation, Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-3, Asset-Backed Certificates, Series 2006-3, and Homeward Residential, Inc. f/k/a American Home Mortgage Servicing's Traditional and No-Evidence Motion for Summary Judgment be and is hereby GRANTED, and all claims against Defendants Sand Canyon Corporation, Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-3, Asset-Backed Certificates, Series 2006-3, and Homeward Residential, Inc. f/k/a American Home Mortgage Servicing are DISMISSED WITH PREJUDICE. This Order shall constitute a final and appealable judgment that Plaintiff take nothing by his claims. All relief not granted herein is denied.

SIGNED on this _13_ day of November, 2012.

THE HONORABLE DISTRICT COURT JUDGE

2

AUS:1003945/00120:478349v1

**AGREED AS TO FORM:**

John Rady
Pro Se Plaintiff

B. David L. Foster
Lauren M. Fincher
Locke Lord LLP
Attorneys for Defendants
Elizabeth Boulton, Sand Canyon Corporation, Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-3, Asset-Backed Certificates, Series 2006-3, and Homeward Residential, Inc. f/k/a American Home Mortgage Servicing

3

AUS:1003945/00120:478349v1

Cause No. 052212

Exhibit F

WELLS FARGO BANK, N.A. AS TRUSTEE }{        JUSTICE COURT
FOR OPTION ONE MORTGAGE LOAN        }{
TRUST 2006-3, ASSET-BACKED          }{
CERTIFICATES, SERIES 2006-3         }{
                                    }{        PRECINCT THREE
V.                                  }{
                                    }{
MASSAAD, NEMER AND ALL OCCUPANTS    }{        TRAVIS COUNTY, TEXAS

> > >  JUDGMENT  < < <

On DECEMBER 29, 2011, came to be heard the above entitled and numbered cause. The Plaintiff appeared and announced ready for trial. The Defendant, duly notified did/~~did not~~ appear and announce ready for trial. No Jury was demanded and all issues were submitted to the Court. After hearing and considering pleadings, evidence and argument, the Court is of the opinion and finds that the ~~Plaintiff/~~Defendant is entitled to judgment.

IT IS THEREFORE ORDERED, that the Plaintiff, WELLS FARGO BANK, N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2006-3, ASSET-BACKED CERTIFICATES, SERIES 2006-3 shall not recover from the Defendant, MASSAAD, NEMER AND ALL OCCUPANTS AND SAID DEFENDANT SHALL CONTINUE TO USE AND ENJOY

POSSESSION of the premises at 2408 WILMA RUDOLPH RD, AUSTIN, TX 78748

Signed DECEMBER 29, 2011.

for _____ Visiting Judge
        Susan Steeg
        Justice of the Peace
        Precinct Three
        Travis County, Texas